DELPEUCH *vs.* DUFART.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In an action by the principal against his factor, to account and pay over a balance for merchandise sold on consignment, it devolves on the latter to show he has not received any money by the sale of the goods, or collected any of the debts, and to establish this to be the case *without his fault*, in order to avoid being liable.

This is an action on behalf of the late commercial firm of Delpeuch & Co., against the defendant as a factor, to compel him to pay over the balance due on an invoice of goods, sold by him at Tampico, on account of the plaintiff's late firm.

The petition charges, that the firm of Delpeuch & Co. consigned to the defendant, then residing at Tampico, an invoice of goods, which the latter sold together with goods of his own, to the firm of Sennisson & Stock, for forty thousand five hundred and eighteen dollars and twenty-eight cents; that fifteen thousand nine hundred and seventy-one dollars and nineteen cents of this sum, belonged to the plaintiff's firm as their proportion of the stock of goods thus sold; and that they have received but four thousand and seventy-eight dollars, leaving a balance of eleven thousand eight hundred and ninety-three dollars yet unpaid, for which they pray judgment.

The defendant excepted to the plaintiff's right to sue in this case, on the ground that other suits had been instituted, and were now pending by the said firm of Delpeuch & Co., for the same cause of action. The district judge overruled the exception.

The defendant pleaded the general issue, and averred that he had not received from his vendees, the money claimed by the plaintiff, and was not liable for the same in this action.

The evidence shows, that Delpeuch & Co., in August, 1830, shipped to the defendant at Tampico, for sale on their

account, a quantity of merchandise, which, with others belonging to the defendant and one Canez, in the same month, were sold to Sennisson & Stock, merchants in Tampico, for forty thousand five hundred and eighteen dollars, and their notes taken on short time. The amount of Delpeuch & Co's. interest in this sale, is alleged to be fifteen thousand nine hundred and seventy-one dollars, and a balance of eleven thousand eight hundred and ninety-three dollars, is shown to be yet due to them.

In October, 1831, Delpeuch dissolved with Castelman, and in the articles of dissolution it was recited, that as Sennisson & Stock were indebted to Delpeuch & Co., in the sum of eleven thousand eight hundred and ninety three dollars, on the goods sold to them by Dufart, it was agreed that Delpeuch, who was charged with the liquidation of the partnership, should take this debt for eight thousand dollars, and to account if more was received, and allowed half of the deficiency if less.

. It was shown, that a judgment had already been rendered against Castelman and Dufart, for four thousand dollars on this agreement.

Previous to the dissolution, Dufart rendered an account to Delpeuch & Co., in which he says, " the sums which follow, remain to be collected for merchandise which I have sold on their account up to this time, and from which I am discharged ; " and among the items or sums thus stated, is one of eleven thousand eight hundred and ninety-three dollars, due by Sennison & Stock.

At the foot of the account, Dufart says, "it is through error that it is said in the account current, that Delpeuch & Co. ought to be charged with the sum due by Sennisson & Stock. I am charged with the recovery, amounting to eleven thousand eight hundred and ninety-three dollars, &c., on which I am to have a commission, &c."

In March, 1832, Sennisson & Stock wrote to Dufart, then at New-Orleans, that they would be compelled to abandon the balance of the merchandise to him, which they had purchased, and which they did, accompanied by an invoice and

account, showing they still owed Dufart one thousand four hundred and seventy dollars.

It appeared from all the accounts, that in the return of the merchandise and credits for sales made, Dufart received in all, twenty-one thousand five hundred and seventy-nine dollars, from Sennisson & Stock. Delpeuch claimed fifteen thousand nine hundred and seventy-one dollars originally, and his share on the sum received would be eight thousand four hundred and sixty-one dollars, of which he had already received four thousand and seventy-eight dollars, and has a judgment against Castelman and Dufart for four thousand dollars.

. The district judge gave judgment of non-suit. The plaintiff appealed.


*Soulé*, for the plaintiff, insisted on a reversal of the judgment, because the district judge admitted, that it is clearly proved there is a balance due to Delpeuch & Co., of eleven thousand eight hundred and ninety-three dollars.

2. That Dufart is accountable for the goods and credits abandoned to him by Sennisson & Stock, inasmuch as he took them at his own risk. This matter has also been fully settled between Dufart and Sennisson, by a judgment, to which Dufart has submitted.

3. Admitting that Dufart is not bound to account for the credits transferred to him by Sennisson & Stock, until they are collected, he is accountable to Delpuech for his propor-- tion of seventeen thousand five hundred and eighteen dollars, the amount of goods abandoned to him.

4. That under all the circumstances, Dufart having accepted the abandonment by Sennisson & Stock, and had the immediate control of the goods and credits thus transfer- red, from March, 1831, judgment should have been given, ordering him to account for the same to the plaintiff.

. *Canon, contra.*

*Martin, J.*, delivered the opinion of the court.

The plaintiff being charged with the settlement of the affairs of the late firm of Delpeuch & Co., consisting of himself and D. Castelman, as the sole and only members thereof, alleges, that said firm consigned to the defendant, residing at the time in Tampico, an adventure or parcel of merchandise, belonging partly to himself and partly to Canez, for an aggregate sum of forty thousand five hundred dollars, in which fifteen thousand nine hundred and seventy-one dollars and fourteen cents was included, being the amount of merchandise consigned by the said firm of Delpeuch & Co.; that the defendant has accounted for only the sum of four thousand and seventy-eight dollars, which leaves a balance of eleven thousand and ninety-three dollars and ninety-seven cents, and interest, still unpaid and unaccounted for, for which the plaintiff has instituted this suit.

The answer of the defendant denies his accountability, and avers that he has never received payment from his vendees.

The District Court gave judgment of non-suit, and the plaintiff appealed.

The counsel for the plaintiff contends, that the judgment ought to be reversed, on the following grounds:

1. The balance claimed is admitted by the district judge, to have been established.

2. The defendant is accountable for certain goods and credits, which he received from his vendees, as he took them at his own risk; and the matter has been settled as it appears by a judgment in which he has acquiesced.

3. These goods and credits were received on the 31st of March, 1831, and the last balance of account between the defendant and his vendees, was struck in February, 1833; that it also appears the merchandise received was of the value of seventeen thousand five hundred and sixteen dollars and fifty cents, and the credits only amounted to three thousand four hundred and thirty-eight dollars. From this statement it results, that admitting all the goods received in February, 1833, had been re-sold in the defendant's hands,

he retains the sum of two thousand eight hundred and sixty-eight dollars, to cover such a deficiency as may result from the credits, and admitting further, that he cannot be accountable for those credits until he collects the amount of them; he is certainly accountable for the value of the merchandise, until he shows it has been lost without any fault of his.

4. The District Court should have compelled the defendant to account.

This court is of opinion, the District Court erred in non-suiting the plaintiff, on the ground that he did not show the defendant had received any money by the sale of the merchandise, nor collected any of the debts. It was the duty of the defendant to establish, that this was the case without his fault.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the case be remanded for a new trial; the appellee paying costs in this court.

<div style="margin">
Eastern Dist.
*January*, 1835.

In an action by the principal a-gainst his factor, to account and pay over a bal-ance for mer-chandise sold on consignment, it devolves on the latter to show he has not received any money by the sale of the goods, or collect-ed any of the debts, and to es-tablish this to be the case *without his fault*, in order to avoid being liable.
</div>