## LIVAUDAIS *v.* DENIS, Executor.

Where obligations have been placed in the hands of an agent to collect, it is not sufficient for him, after some time has elapsed, to offer to return them, without showing that he exercised ordinary care and industry to obtain payment.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Le Gardeur*, for the appellant. *Denis*, pro se. *J.* and *H. H. Strawbridge*, on the same side. The judgment of the court (*King*, J. absent,) was pronounced by

SLIDELL, J. *St. Avid* was, during several years, the agent at New Orleans of the plaintiff, who was living abroad. This suit was brought to recover an alleged balance due from the agent, and, by the admissions of the parties at the trial, the contest was narrowed down to certain specific items. *St. Avid* had received, in 1842, from the former agent of plaintiff, various assets belonging to the plaintiff, among which were a note of *Charpentier* for $1,050 91, maturing a few days after its receipt by *St. Avid*, and also a protested note of *Roussel & Vienne*, on which it was stated in the receipt that two dividends had been paid.

*Charpentier*, a witness for the plaintiff, to whose testimony no exception was taken, deposed that he had paid the amount of the note to *St. Avid* in two payments, one of $500 and the other of $550 91; and that he was unable to produce the note, having burned it after taking it up.

It appears that *St. Avid* has given credit in account for the first payment, but not for the second; and it is objected that the testimony of one witness is not sufficient, under article 2257, to charge him with a liability for a sum exceeding $500. If the article can be deemed applicable, the objection is answered by the consideration that the claim does not rest upon the testimony of a single witness, but is supported by corroborating circumstances. *St. Avid* had given a written acknowledgment of the receipt of this note for collection, as plaintiff's agent. If *Charpentier* had not paid it, it would have been in *St. Avid's* possession, or in

that of his executor after his death, and should have been produced. The agent's receipt, and the non-production of the note, are strongly corroborative of the truth of *Charpentier's* testimony.

<span style="float:right">LIVAUDAIS<br>*v.*<br>DENIS.</span>

It appears that *Roussel* was an insolvent, and his estate was administered by a syndic, who had paid the plaintiff's former agent two dividends. A dividend was declared in 1843, being after the commencement of *St. Avid's* agency. An agent of one of the creditors of *Roussel* states, that he collected the dividend for his principal, in October, 1843. The district judge decided that the defendant could not be held liable for the amount of the dividend, because *St. Avid* had not received it, and there was no proof that he had knowledge of its existence. One of two propositions is clear. Either *St. Avid* knew the declaration of the dividend and neglected to collect it; or else he neglected to make due enquiry from time to time, and his ignorance must be attributed to his own fault. He knew that the insolvent estate was under administration, and that dividends had been already made; and it was his duty to use reasonable diligence, from time to time, by calling upon the syndic. If this had been done, it is fair to suppose he would have been equally successful with the other agent. It has been repeatedly held that, when obligations are placed in the hands of an agent for collection, it is not sufficient for him, after a lapse of time, to offer to return them, without showing that he exercised ordinary care and industry to get the money. *Police Jury* v. *Bullitt*, 8 Mart. N. S. 328. *Collins* v. *Andrews*, 6 Mart. N. S. 195.

The amount of the obligation entrusted for collection is, *prima facie*, the measure of damages sustained by the principal.

It is, therefore, decreed that the judgment be amended by increasing the capital sum adjudged, so that the same be fixed at the sum of $2,317 77, instead of the sum of $2,057 38; and that, so amended, the judgment be affirmed; the costs of appeal to be paid by the defendant.