## Godfrey Stancill *v.* Gilmore and Henderson.

Where a party receives paper to collect as collateral security, he is bound to show that he has returned it, or used, in vain, due diligence to collect it, otherwise, he will be liable for the amount.

Proof of the acknowledgments of a party by a single witness, is the weakest kind of evidence, and is insufficient to support a claim for over five hundred dollars.

APPEAL from the First District Court of New-Orleans, *Larue*, J. *J. H. Vandalson*, for plaintiff. *John Gedge*, for defendant. The judgment of the court was pronounced by

Preston, J. This suit is brought upon an account of old date. On the 1st of June, 1844, it appears by the account, there was due by the plaintiff to the defendants, the sum of $2746 31, for which he gave the defendants his note. The note is then brought into the account, and compensated by the following items: Commission for guaranteeing $2178, $54 45; half commission on 177 bales of cotton, $84 94; cash for goods attached and sold, the 28th December, 1844, $497 07; amount of your receipt for sundry claims, dated Greenwood, 3d June, 1844, 1081 76; your receipt, dated the 1st June, 1844, $1647 93—$3366 15. Deduct the note, $2746 31. Balance, $619 84.

With this balance and interest, the plaintiff's claim for $866 95 is made up, for which he obtained judgment.

The receipt, dated at Greenwood, the 3d of June, 1844, for a number of small claims, is produced, and shows that they were received by the defendants as collateral security for a claim due to them by the plaintiff, and if collected, or any part thereof, the proceeds were to be placed to his credit. The defendants are chargeable with those claims, unless returned, and due diligence to collect them is shown.

The two largest of the remaining items should-have been proved by written evidence. There is no testimony in support of them, except that of a single witness, that the whole account was presented to *Gilmore*, one of the defendants, and that he acknowledged it to be correct. This is the weakest kind of

STANCILL
v.
GILMORE.

testimony of ancient claims against a deceased person, (*Gilmore* being dead,) and our code expressly requires, that to make full proof as to claims exceeding five hundred dollars, it should be corroborated by circumstances. No corroborating circumstances are offered in the present case.

The plaintiff might, therefore, be non-suited. But, we think, justice requires that the case should be remanded: 1st. That the plaintiff may produce the receipt for $1647 93. 2d. That he may show, by record or otherwise, the proceeds of his property attached and sold. 3d. That the defendants may account for the notes received at Greenwood, and credit their proceeds on their note. And lastly, that both parties may, by further evidence, establish their respective claims with that certainty which should always exist as the basis of a judgment.

The judgment of the district court is reversed, and the cause remanded, that it may be tried again; and the appellee is condemned to pay the costs of this appeal.