DANIEL SPITZER et al., Appellants, *v.* PORTO RICAN
EXPRESS COMPANY, Respondent.

(Supreme Court, Appellate Term, First Department, May Term—
Filed June, 1920.)

Damages — contracts — act of God — New York rule and federal
rule — carriers— express companies.

> The law of this state as to intrastate shipments is that a
> delay in carriage that makes possible the intervention of an
> act of God is an efficient concurrent cause, and thus a concur-
> rent proximate cause.  Under the federal rule delay alone,
> whether reasonable or unreasonable, is, as a matter of law,
> not a concurrent proximate cause with an act of God.

> Where an express company unreasonably delayed compli-
> ance with a shipper's direction to return the goods or the
> money upon a C. O. D. shipment and the goods were injured
> by an earthquake, the shipper can waive his action in con-
> version and recover on the theory of a breach of contract,
> giving the express company credit for the value of the goods
> returned.  The action is thus laid as of the date of the conver-
> sion, and the question of the subsequent act of God is not
> properly in the case.

APPEAL by plaintiffs from a judgment of the Munic-
ipal Court of the City of New York, borough of Man-
hattan, ninth district, in favor of the defendant,
entered upon the verdict of a jury.

George Wolf (I. Maurice Wormser, of counsel), for
appellants.

Joseph Walker Magrauth, for respondent.

MULLAN, J.  On February 9, 1918, in New York city,
plaintiffs delivered to defendant a case and a package,
upon one bill of lading, for delivery, C. O. D., to a
consignee in Porto Rico.  Although the defendant did

not own or control the steamer upon which it forwarded the goods, its status was that of a common carrier. *Belger* v. *Dinsmore,* 51 N. Y. 166; *Read* v. *Spaulding,* 30 id. 630; Carmack amendment, Act of Feb. 4, 1887, chap. 104, § 20, as amd. June 29, 1906, chap. 359, § 7, and Aug. 9, 1916, chap. 301. Upon the arrival of the goods in Porto Rico, prior to February 26, 1918, the case was found to be damaged, and the package was found to be intact. Immediately upon the arrival of the goods, the consignee was notified thereof, and of the facts of the damage, and, for a reason unconnected with the damage, refused to accept the case, but offered to accept the package. On February 26, 1918, defendant, by letter from Porto Rico, notified plaintiffs that the goods were " refused," and asked for instructions. Plaintiffs' immediate instructions were to " return the goods or the money." Defendant had refused to accept the goods from the steamship company because of defendant's claim against the steamship company for damage, but, about March 25, 1918, it did accept the package, delivered it to the consignee, collected for the package and remitted. Defendant still refused to accept the case, and it was not until August 10, 1918, that having, in some manner not disclosed, adjusted its dispute with the steamship company, defendant accepted the case and again offered it to the consignee, who again refused to receive it. Defendant then, about August 10, 1918, placed the case in defendant's Porto Rico warehouse, where it lay until November, 1918, when it was removed and returned to plaintiffs. In the meantime, on October 20, 1918, an earthquake seriously injured the warehouse, and the accompanying violent rain seriously damaged the goods in the case. The goods were later returned to plaintiffs in their damaged condition. A *prima facie* case for plaintiffs is conceded by defendant's admis-

sion of its failure to deliver the money or the goods as shipped, as is also the amount of plaintiffs' damage. The defendant contends, however, that it has made out a defense destroying the plaintiffs' case by showing that the damage was caused by an earthquake, concededly an act of God. The theory upon which the case was given to the jury, over plaintiffs' objection, was that if the defendant's delay in sending back the goods, without which the earthquake would have been unable to inflict this damage, was not unreasonable, then the act of God alone was the justifiable cause of the injury, and the delay, if not unreasonable, was not negligence. In other words, the case went to the jury upon the theory that unreasonable delay would have made the defendant liable, in negligence, for damage caused by an act of God which would not have injured the goods except for the delay. We may say, in passing, that even upon that theory the delay was so great as to be unreasonable as matter of law, and plaintiffs' motion for a direction should have been granted.

The law of this state, as to intrastate shipments, is that a delay in carriage that makes possible the intervention of an act of God, is an efficient concurring cause, and thus a concurrent proximate cause. *Barnet* v. *New York C. & H. R. R. R. Co.*, 222 N. Y. 195; *Meritt* v. *Earle*, 29 id. 115; *Michales* v. *New York C. R. R. Co.*, 30 id. 564; *Read* v. *Spaulding*, id. 630; *Bostwick* v. *Baltimore & O. R. R. Co.*, 45 id. 712; *Condict* v. *Grand Trunk R. Co.*, 54 id. 500. But the rule of law is not applicable here because, by the Carmack amendment, the federal law was made to apply to all interstate shipments, and this is an interstate shipment, being from a state to a territory. Under the federal rule delay alone, whether reasonable or unreasonable, is, as matter of law, *not* a concurrent proximate cause with an act of God. *Barnet* v. *New York C. & H. R.*

*R. R. Co., supra;* *Hadba* v. *B'altimore & O. R. R. Co.,* 183 App. Div. 555; *Railroad Co.* v. *Reeves,* 77 U. S. (10 Wall.) 176; *St. Louis Ry. Co.* v. *Commercial Union Ins. Co.,* 139 U. S. 223; *Rezzek* v. *So. Pac. Co.,* 181 N. Y. Supp. 117. So, were the action based upon negligent delay in delivery, making possible the destruction by act of God, the defendant would have been entitled to a direction. But that is not the theory upon which the action was brought or tried, although it is the theory upon which the court below sent it to the jury. Plaintiffs correctly brought their action for damages for the breach of the contract that required defendant to return the goods or the money. Defendant, by retaining the goods to convenience itself in its dispute with the steamship company, storing the goods in Porto Rico, and refusing to return them, exercised a dominion over them incompatible with its duty as bailee. The action could then have been brought in conversion. But plaintiffs waived the tort and elected to bring the action *ex contractu,* claiming the damage as the value of the goods, less the amount credited to defendant, in mitigation of damages, for the value of the damaged merchandise finally returned. The action is thus laid as of the date of the conversion, and the question of the subsequent act of God is not properly in the case. The conflict between the New York rule and the Federal rule thus becomes of academic interest merely, and it follows that the plaintiffs' motion for a direction of a verdict should have been granted.

Judgment reversed, with $30 costs, and judgment directed for the plaintiffs for $511.02, with appropriate costs in the court below.

BIJUR and WAGNER, JJ., concur.

Judgment reversed, with thirty dollars costs.