ANTHONY AND THOMAS v. AMERICAN EXPRESS COMPANY ET AL.

(Filed 22 October, 1924.)

1. **Express Companies—Carriers—Negligence—Failure to Deliver—Evidence.**

   Where there is evidence tending to show that an express company has received from consignor a shipment to be made by it as a common carrier, and that it has failed to deliver it to consignee, it is sufficient to take the case to the jury upon the issue of defendants actionable negligence.

2. **Same—C. O. D.—Contracts—Collections—Common-Law Duties.**

   The common-law liability of a carrier for damages for its negligence does not extend to the collection for the consignor of the price or value of the shipment, and a C. O. D. shipment received for transportation and delivery rests by special contract in the receipt given the consignor therefor.

**3. Same—Questions for Jury.**

Where an express receipt has been given to the consignor for a shipment C. O. D. with the provision that it would notify him in the event of nondelivery to or the refusal of the consignee to accept it and pay the money to be collected, evidence that no such notice was given by the carrier or report made concerning the shipment is sufficient for the determination of the jury in the consignor's action to recover the C. O. D. charge for the goods.

**4. Same—Prima Facie Case—Burden of Proof.**

Where an express company had received a C. O. D. package for transportation and delivery to the consignee, it is peculiarly within its own knowledge as to reasons that would acquit it of its duty therein; and where it has neither made delivery nor accounted for collection, the burden is upon it to show matters in defense.

APPEAL by defendant from judgment rendered by *Daniels, J.,* at March Term, 1924, of PITT.

Plaintiffs allege and, upon the issues submitted, the jury found: (1) That in December, 1919, plaintiffs delivered to defendant, at Greenville, N. C., for shipment to Jeffie Baker, at Farmville, N. C., certain goods; (2) that defendant received said goods for shipment upon the express agreement that it would deliver the same only upon payment by the consignee of the amounts specified in the receipts issued by defendant, and, further, that it would promptly remit said amounts to plaintiffs; (3) that defendant delivered said goods, collected said money, and has failed to remit same, and that defendant is indebted to plaintiff, on account of the money thus collected, in the sum of $355.88.

Upon the verdict, judgment was rendered that plaintiff recover of the defendant the sum of $355.88, with interest and cost. From this judgment defendant appealed.

There is evidence that, in December, 1919, a drayman employed by plaintiff delivered to defendant, at Greenville, certain merchandise, and that defendant issued receipts for same; that the contract between plaintiffs and defendant relative to said merchandise is contained in these receipts; each receipt shows the name of the consignor, the name and address of the consignee, a description of the goods, the letters "C. O. D.," and figures showing the amounts to be collected upon delivery to consignee; that plaintiffs have not received from defendant the money to be collected as specified in said receipts; that on 26 August, 1920, defendant acknowledged receipt from plaintiffs' attorney of four claims, each for money collected upon a C. O. D. shipment, including the three claims involved in this action; that one of these claims was paid by defendant, and that the other three have not been paid; that plaintiff has received no notice from defendant that the goods involved in the three shipments were delivered to consignee.

Said receipts contained the following provisions: "which (*i. e.,* the goods, receipt of which is acknowledged) the company agrees to carry upon the terms and conditions printed on the back hereof, to which the shipper agrees, and as evidence thereof accepts and signs this receipt."

Number 7 of the terms and conditions referred to is as follows:

"Section 7. Except where the loss, damage or injury complained of is due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, as conditions precedent to recovery, claims must be made in writing to the originating or delivering carriers within four months after the delivery of the property, or, in case of failure to make delivery, then within four months and fifteen days after date of shipment; and suits for loss, damage or delay shall be instituted only within two years and one day after the date when notice in writing is given by the carrier to the claimant that the carrier has disallowed the claim or any part or parts thereof."

Number 8 of the terms and conditions referred to is as follows:

"Section 8. If any C. O. D. is not paid within thirty days after notice of nondelivery has been mailed to the shipper, the company may at its option return the property to the consignor."

Defendant in apt time moved for judgment as of nonsuit, under C. S., 567, and excepted to refusal of the court to render such judgment. Defendant excepted to the issues as submitted, and also to refusal of the court to submit an issue, as follows: "If so, was claim for accounting filed with defendant within four months after delivery of property, or within four months and fifteen days after a reasonable time for delivery?" Other exceptions were duly noted during the trial, all of which are grouped as assignments of error, as required by Rule 19.

*Albion Dunn for plaintiffs.*
*F. G. James & Son for defendant.*

CONNOR, J. The cause of action set out in the complaint herein is not for damages arising out of the breach of contract for shipment of goods. Plaintiffs do not seek to recover of defendant as a common carrier for loss of or injury to the goods, or for delay in transporting, or for failure to deliver the same to consignee. They allege that the goods were delivered and the money collected by defendant in accordance with its contract, and that defendant has failed to remit or pay over the same to them.

There is a distinction, uniformly recognized by the courts, between the liability of defendant, as a common carrier, with respect to the shipment of the goods received by it, and its liability under its special

contract to collect from the consignee upon delivery the value of the goods as specified in the receipts, and to remit the money thus collected to consignor.

"The peculiarity of shipment of goods C. O. D. (meaning collect on delivery), which is usually undertaken only by express companies, is that a condition is attached that the carrier, on delivery to the consignee, shall collect a specified sum of money, usually the purchase price of the goods, and shall return the sum thus collected to the consignor. Since it is well settled that there is no common-law duty devolving on an express company or other common carrier to act as the collecting agent of the shipper, such obligation arises only by contract, express or implied, and is one which the carrier may enter into or refuse at its option. When a carrier makes a contract to collect on delivery, it stands with reference to it just as any other agent, and is bound to a strict compliance with its undertaking." 10 C. J., 278.

By its exceptions chiefly relied upon by defendant upon this appeal two propositions are presented for consideration by this Court:

First. Defendant insists that the burden of proof is upon the plaintiffs to offer evidence from which the jury can find, by its greater weight, that defendant delivered the goods to the consignee and collected the money. Defendant contends that there is no evidence from which the jury could find these facts, and therefore insists very earnestly that there was error in refusing its motion for judgment as of nonsuit, and in refusing to give the instruction requested.

The goods having been received by defendant as a common carrier, the disposition made of them by defendant was a fact peculiarly within its knowledge. It was defendant's duty to deliver the goods to consignee, and for a breach of this duty the defendant was liable to plaintiffs for their value. The law will not presume a breach of duty; but where, from the facts admitted or proven, an inference may be drawn in favor of performance rather than of a breach of contract, of rightful rather than wrongful conduct, such an inference is permissible. Upon the evidence in this case the jury could well infer that defendant performed its contract as a carrier of goods and delivered the same to consignee. If the fact were otherwise, it was within the knowledge of defendant, and the burden was upon the defendant to meet and overcome the prima facie case made out by the evidence favorable to plaintiffs' contention.

"It is a principle of law, when a particular fact necessary to be proved rests peculiarly within the knowledge of one of the parties, upon him rests the burden of proof." *Mitchell v. R. R.,* 124 N. C., 236 (44 L. R. A., 515); *Hinkle v. R. R.,* 126 N. C., 932 (78 Am. St., 685). There was evidence from which the jury could find delivery of the goods, in full discharge by defendant of its contract as a common car-

rier. By its special contract, defendant agreed to collect from consignee the money specified on the receipts. Defendant had the right, under the contract, to return the goods if the same were not delivered. The fact that the goods were not returned, or tendered to plaintiff, was some evidence that they had been delivered and that the money was collected.

This Court held, in *Brumble v. Brown,* 71 N. C., 513, that an officer who has received a note for collection, and who has failed to return it, is presumed to have collected it or to have converted it to his own use. As between these two presumptions—one of a rightful act, the other of a wrongful act—the jury might well infer the rightful act and find as a fact that defendant not only delivered the goods, but also collected the money.

Second. Defendant insists that by section 7 of the terms and conditions contained in the receipt issued by defendant to the plaintiff it was stipulated that as "a condition precedent to recovery, claims must be made in writing to the originating or delivering carriers within four months after the delivery of the property, or, in case of failure to make delivery, then within four months and fifteen days after date of shipment." No evidence having been offered that such claim was filed within said time, it is insisted that no recovery can be had in this action.

The validity of this stipulation as affecting claims against common carriers for loss, or damage to goods or for delay in delivering same, has been sustained by this Court. *Forney v. R. R.,* 167 N. C., 641. In *McNichol v. Pacific Express Co.,* 12 Mo. A., 405, involving facts almost identical with those of this case, his Honor, *Seymour D. Thompson,* writing for the Court, says: "In this case the suit is, clearly, not upon the carrier's common-law duty to deliver the goods safely, but is upon a special contract, which the plaintiff has set out, with the common carrier, before delivering the goods, to collect a sum of money for the consignee. So far as we know, there is no common-law duty upon the carrier to act as collecting agent of a shipper. The law does not attach any peculiar liability to such an office when the carrier assumes it, such as attaches to his ordinary office of public carrier. When he undertakes such a duty, his liability is the same as that of a bank, attorney at law, or any other collecting agent, and it arises upon the special contract by which he undertakes the duty, and not upon the ancient custom which is the foundation of his peculiar liability as carrier." See *Danciger v. Wells,* 154 Fed., 379.

Section 7 of the terms and conditions upon which the goods were received for shipment by defendant applies only to claims against the defendant arising out of a breach of contract by the defendant of its duty as a common carrier with respect to the goods. It does not apply

to claims for money collected and not remitted in accordance with its special contract with the plaintiff.

There was no error in his Honor's refusing to render judgment as of nonsuit because plaintiffs had offered no evidence of notice to defendant, as required by said section, nor was there error in refusing to submit the issue tendered by defendant.

We have examined with care the other assignments of error made by defendant. They are not sustained, and the judgment below is affirmed. There is

No error.