JOSEPH MOGUL, INC., Respondent, *v.* C. LEWIS LAVINE, INC., Appellant.

Carriers — damages — summary judgment — goods shipped C. O. D.— liability of carrier for breach of duty — acceptance by carrier of forged certified check in payment — carrier liable for consignor's damage — measure of damages the value of merchandise where price could not have been collected — improper summary judgment.

1. A carrier receiving merchandise on a C. O. D. shipment acts in two capacities, as bailee to transport the goods and as agent to collect the price. For breach of its duty as bailee it is liable for the value of the goods. For breach of its duty as agent it is liable for whatever could have been collected had the duty been fulfilled.

2. Where a carrier failed to exact cash on delivery of goods shipped C. O. D. but accepted the consignee's check to the order of the consignor, apparently certified, but in fact the certification was a forgery and the check worthless, it is liable in an action by the consignor for its damage. The measure of such damage, however, is not the amount to be collected. Any presumption in favor of the collectible quality of the consignor's demand has been rebutted by the utterance of the forged check. The consignee would not have paid cash had the check been rejected. In such circumstances the limit of the recovery is the value of the merchandise surrendered.

3. The cause of action, therefore, is for damages and not for a "debt or liquidated demand" within the provisions of Civil Practice Rule 113 authorizing summary judgment on motion.

*Mogul, Inc., v. Lavine, Inc.*, 220 App. Div. 287, reversed.

(Argued November 23, 1927; decided January 10, 1928.)

APPEAL from a judgment, entered April 29, 1927, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion, by plaintiff, for summary judgment under Civil Practice Rule 113 and granted said motion.

*Henry W. Fried* for appellant. Plaintiff, if entitled to recover at all, can obtain only the market value of the consigned merchandise. The record shows no proof of

value. In any case such damage is not liquidated and cannot be the subject of a motion for summary judgment. (*Feiher* v. *Manhattan Dist. Tel. Co.*, 3 N. Y. Supp. 116; *Cox* v. *Columbus R. Co.*, 91 Ala. 392; *Murray* v. *Warner*, 55 N. H. 546; *American Express* v. *Lessem*, 39 Ill. 312; Moore on Carriers [2d ed.], 262, § 32; *Hatch* v. *N. Y. C. R. R. Co.*, 122 Misc. Rep. 707; *Tooker* v. *Gormer*, 2 Hilt. 71; *Underwood* v. *Globe Indemnity Co.*, 245 N. Y. 111; *St. Johns* v. *S. A. Compania, etc.*, 263 U. S. 119; *N. Y., etc., R. Co.* v. *Estill*, 147 U. S. 591; *Mobile R. Co.* v. *Jurey*, 111 U. S. 584; *Harris* v. *Delaware R. Co.*, 61 N. Y. 656; *Sturgis* v. *Bissell*, 46 N. Y. 462; *Kilthan* v. *International Mercantile Co.*, 217 App. Div. 22; *Dobbins* v. *Delaware R. R. Co.*, 177 App. Div. 132.)

*Edward C. Raftery, Dennis F. O'Brien* and *M. L. Malevinsky* for respondent. There is now due and owing to the plaintiff from the defendant the amount of money that the defendant should have collected from the carrier. (*Tooker* v. *Gormer*, 2 Hilt. 71; *Rathbun* v. *Citizens' Steamboat Co.*, 76 N. Y. 376; *Rolla Products Co.* v. *American Ry. Express Co.*, 226 S. W. Rep. 582.) The defendant was an agent to collect and is liable to plaintiff for breach of its contract of collection. (*Nat. Bank of Commerce* v. *American Exchange Bank*, 151 Mo. 320; *State Bank of Midland* v. *Byrne*, 21 L. R. A. 753.)

Cardozo, Ch. J. Plaintiff in Philadelphia delivered to defendant, a common carrier, a case of goods to be delivered to a buyer in New York. The merchandise was shipped C. O. D., and $3,524.41 was stated to be the amount to be collected. Defendant failed to exact cash upon the delivery of the goods, but accepted, instead, the consignee's check to the order of the consignor. The check appeared to be certified. In fact the certification was a forgery, and the check worthless. The plaintiff sues for the price on the theory that the

carrier, by the acceptance of a check as a substitute for cash, has made the buyer's debt its own.

The case comes here upon an application for summary judgment under Civil Practice Rule 113, which is limited to causes of action for the recovery of "a debt or liquidated demand arising * * * on a contract, express or implied." If the carrier is chargeable as upon an assumption of a debt, irrespective of the solvency of the consignee or the value of the merchandise, the remedy invoked is proper. If the measure of the recovery is the loss suffered by the shipper, the damage, now unliquidated, must be proved, and the summary remedy must fail (*Norwich Pharmacal Co.* v. *Barrett*, 205 App. Div. 749; *Interstate Pulp & Paper Co.* v. *N. Y. Tribune*, 207 App. Div. 453).

An express company or other carrier receiving merchandise on a C. O. D. shipment acts in two capacities, as bailee to transport the goods and as agent to collect the price (Hutchinson, Carriers, § 726). For breach of its duty as bailee to carry and deliver to the person and on the conditions stated by the shipper, it is liable, as in the case of any other misdelivery, for the value of the goods (*Murray* v. *Warner*, 55 N. H. 546; *Fowler Commission Co.* v. *Chicago, R. I. & P. Ry. Co.*, 98 Mo. App. 210). For breach of its duty to act as agent for the shipper in the collection of the price, it is liable, like any other collection agent, for whatever could have been collected if the duty had been fulfilled (Mechem, Agency, § 1320).

The law is settled that in the absence of agreement or custom to the contrary an agent to collect may accept money and nothing else (*Federal Reserve Bank* v. *Malloy*, 264 U. S. 160, 165). The defendant says that there is a custom whereby a carrier may accept as a substitute a certified check. Its position is not bettered if the custom be assumed. By concession, this was no certified check, but only a pretense of one. The defendant was bound to satisfy itself that the instrument was genuine when it

took a substitute for money. The chance of deceit or forgery was one of the risks of its calling. It took the risk and lost. In such circumstances we do not question the ruling of the court below that upon the conceded facts there must ·be a recovery by the plaintiff, at least for some amount. We think, however, that the amount is not a debt or other liquidated claim, but is measured by the damage.

The subject has been much considered in actions against banks for negligence or other default in the collection of commercial paper. *Prima facie,* the amount of the damage is the amount to be collected (*First Nat. Bank* v. *Fourth Nat. Bank,* 77 N. Y. 320, 328; *Same* v. *Same,* 89 N. Y. 412; Mechem, *supra*). If nothing more is proved, the damages will be assessed upon that basis. The agent in default may prove, however, in mitigation of the damages, that collection would have been impossible, though cash had ·been demanded (*First Nat. Bk.* v. *Fourth Nat. Bank, supra*). In such a situation the amount to be recovered will be limited accordingly. The courts were asked as long ago as 1838, when the case of *Allen* v. *Suydam* (20· Wend. 321) was decided by the Court of Errors, to give judgment upon the theory that the agent chargeable with negligence had made the debt his own (See 20 Wend. at p. 337). The theory was rejected then. Later cases in this court, confirming the rejection, have put the measure of liability upon a basis of established law (*First Nat. Bank* v. *Fourth Nat. Bank, supra;* cf. *Fahy* v. *Fargo,* 17 N. Y. Supp. 344; *Dern* v. *Kellogg,* 54 Neb. 560; *Omaha N. Bank* v. *Kiper,* 60 Neb. 33; *Noble* v. *Doughten,* 72 Kan. 336, 351; *Trinidad Nat. Bank* v. *Denver Nat. Bank,* 4 Dillon, 290).

We cannot doubt that any presumption in favor of the collectible quality of the consignor's demand has been rebutted by the circumstances.˙ A consignee willing to utter a forged and worthless check would not have paid cash if the check had been rejected. In such circum-

stances, the limit of the recovery is the value of the merchandise surrendered. This for all that appears may have been less than the price to be collected. If the consignee had been able to pay at the time of the delivery, so that the price if exacted might then have been collected, the carrier would not be suffered to scale down the recovery upon the plea that the price was in excess of the value. The consignor could not be made to forfeit the benefit of the pressure that would have been put upon the buyer to pay what was asked that he might keep what had been tendered. In such circumstances the loss resulting from improper or negligent collection could fairly be found to be the sum to be collected, even if greater than the value. No such conclusion is legitimate, however, where there is not " a reasonable probability " (*Allen* v. *Suydam, supra*) that collection would have been possible if the agent had done his duty. In default of such a probability, the loss suffered by the shipper can be no greater than the value of the goods wrongfully surrendered. In any event, the cause of action is for damages, and not for a debt or its equivalent. (*National Trust Co.* v. *Gleason,* 77 N. Y. 400).

We do not overlook decisions in which the negligence of a collecting agent in taking a check instead of money has been spoken of as imposing a liability for the face value of the substitute. Analysis will show, however, that in those cases the debtor was in funds at the time when the substitute was taken (See, *e. g., F. N. Bank* v. *Ashworth,* 123 Penn. St. 212; *Anderson* v. *Gill,* 79 Md. 312; *Bank of Antigo* v. *Union Trust Co.,* 149 Ill. 343; *Bank of Washington* v. *Triplett,* 1 Pet. 25). Back of all such statements, appropriate enough when read in the setting of the facts, there runs the consistent theme that the claim is one for damages, and is measured by the damage suffered (See, *e. g., Noble* v. *Doughten,* 72 Kan. 336, at p. 351). The case of *Rolla Produce Co.* v. *Am. Ry. Express Company* (205 Mo. App. 646), involving like the

present one the liability of a carrier, may seem to go farther, but only in its dicta. Nothing in that case suggests that there was a difference between the value and the price, or that the consignee, if required to make payment, would have been unable to pay.

We conclude that the plaintiff has failed to make out its right to the entry of a summary judgment under the provisions of the rule, and that the case must take the usual course.

The judgment of the Appellate Division should be reversed and the order of the Special Term affirmed with costs in the Appellate Division and in this court.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment accordingly.