Plaintiffs, in New Orleans, delivered to defendant, a common carrier, certain goods to be delivered to a buyer in Watertown, New York. The merchandise was shipped C.O.D., and in the bill of lading issued by defendant, $922 was stated to be the amount to be collected. Plaintiffs filed this suit against defendant, alleging in substance that through the fault of the carrier the shipment was delayed, and that the consignee had notified plaintiffs that he would refuse the shipment if delivery was tendered. The petition specifically alleges that up to the time of the suit neither the price for the merchandise had been tendered to plaintiffs, nor had a return of the merchandise been offered. Plaintiffs set forth that because of the delay in the delivery they have suffered a loss in the amount sued for, said merchandise having depreciated in value to such extent that it is unusable.
Defendant denied all allegations of the petition, except that it admitted receiving the merchandise for shipment to the New York consignee.
Plaintiffs recovered judgment in the lower court for $922, and defendant has taken this appeal therefrom.
Defendant offered no evidence whatever, and in seeking the reversal of the judgment, its sole contention is that plaintiffs have failed to prove that the shipment was delayed, and have not shown any loss or damage.
Counsel argue that whereas the action is for the recovery of damages occasioned by a carrier's delay in delivering an interstate shipment, the case is to be controlled by the provisions of the Interstate Commerce Act as amended by the Carmack Amendment, 49 U.S.C.A. § 20(11), as was held in New York P. Norfolk R. R. v. Peninsular Produce Exchange,240 U.S. 34, 36 S.Ct. 230, 60, L.Ed. 511, L.R.A. 1917A, 193. Counsel cites two decisions of Louisiana courts, namely: Bancroft v. Yazoo M. V. R. Co., 194 La. 115, 193, So. 481, decided by the Supreme Court, and Colotra v. Railway Express Agency, La. App., 32 So.2d 69, decided by the Court of Appeal for the First Circuit, holding in substance that in an action by a consignee for damages suffered by an interstate shipment, under the provisions of the Interstate Commerce Act as amended, it is incumbent upon plaintiff to prove, (1) that the carrier received the shipment in good condition, (2) that the shipment arrived at its destination in a damaged condition, and (3) the amount of the loss.
The record is barren of any testimony tending to show that the shipment was delayed. In attempting to make such proof, plaintiffs introduced several letters which were admitted into evidence over defendant's objection. Counsel for the parties argued pro and con as to the admissibility of the documents, but we do not deem it necessary to decide that question, believing that the matter can be adjudicated upon the testimonial evidence which the record contains.
Perhaps, if this shipment were an ordinary one, we would find much force and potency in the argument advanced by defendant, that plaintiffs have failed to make out their case in view of the doctrine enunciated in the two Louisiana authorities above cited. But there is a feature connected with the shipment here involved which distinguishes it from the ordinary *Page 55 
contract of carriage and renders the authorities cited by defendant inapplicable.
While a Louisiana appellate court has never passed upon the precise question, so far as we can learn, courts of other jurisdictions have held that when a carrier accepts goods for C.O.D. delivery, the carrier acts as bailee to transport the goods, and as the consignor's agent to collect the price from the consignee. In other words, in a shipment of this sort, the carrier acts in a dual capacity.
In 13 C.J.S., Carriers, § 186, p. 382, 383 verbum "Carriers," we find the following statements of the general law:
"The peculiarity of shipment of goods c.o.d. (meaning collect on delivery), which is usually undertaken only by express companies, is that a condition is attached that the carrier on delivery to the consignee shall collect a specified sum of money, usually the purchase price of the goods (and other than transportation charges), and shall return the sum thus collected to the consignor. Since it is well settled that there is no common-law duty devolving on an express company or other common carrier to act as the collecting agent of the shipper, such obligation arises only by contract express or implied, and is one which the carrier may enter into or refuse at its option. * * *
"When a carrier makes a contract to collect on delivery, it stands with reference to it just as any other agent, and is bound to a strict compliance with its undertaking. The carrier acts as bailee to transport the goods, and as agent to collect the price. Where the carrier undertakes to transport goods C.O.D., it is bound to collect the amount due and return it to the shipper, * * *."
In Anthony et al., v. American Express Co. et al.,188 N.C. 407, 124 S.E. 753, 754, 36 A.L.R. 460, the court said: "There is distinction, uniformly recognized by the courts, between the liability of defendant, as a common carrier, with respect to the shipment of the goods received by it, and its liability under its special contract to collect from the consignee upon delivery the value of the goods as specified in the receipts, and to remit the money thus collected to consignor. * * *"
The court was concerned with the office of a carrier with reference to a C.O.D. shipment in Mogul v. Lavine, 247 N.Y. 20,159 N.E. 708, 709, 57 A.L.R. 934. The then Chief Justice Cardozo, as organ of the court said: "An express company or other carrier receiving merchandise on a C.O.D. shipment, acts in two capacities, as bailee to transport the goods and as agent to collect the price. Hutchinson, Carriers, § 726. For breach of its duty as bailee to carry and deliver to the person and on the conditions stated by the shipper, it is liable, as in the case of any other misdelivery, for the value of the goods. Murray v. Warner, 55 N.H. 546, 20 Am.Rep. 227; Fowler Commission Co. v. Chicago, R.I. P. R. Co., 98 Mo. App. 210, 71 S.W. 1077. * * *"
In Rolla Produce Co. v. American Railway Express Co., 205 Mo. App. 646, 226 S.W. 582, 583, is found the following observation: "* * * The carrier becomes the collecting agent of the shipper, and guarantees such collection in case the goods are delivered. * * *"
The Interstate Commerce Commission seems to recognize that a common carrier, respecting C.O.D. service, is the agent of the shipper, for we find in the Commission's notice of June 12, 1937 (par. 23,015 C.C.H., Federal Carriers Reporter), the provision that a common carrier may, if it chooses, render C.O.D. service to shippers, but that the Commission would have no jurisdiction and will not attempt to enforce collection of unpaid C.O.D. funds from carriers.
The jurisprudence of other jurisdictions does not have the binding force of law in this state, but there is no doubt that the views expressed in the cited cases are sound.
Those recitals of the petition pertaining to delayed delivery and the consignee's disposition not to accept delivery if tendered, can be treated as mere surplusage, and plaintiffs were under no burden to prove them. Irrelevant allegations do not vitiate the good, and the redundant allegations need not be proved. Rawle v. *Page 56 
Skipwith, 19 La. 207; Horrell et al. v. Gulf Valley Cotton Oil Co., 15 La. App. 603, 131 So. 709; Loprestie v. Roy Motors, Inc. et al., 191 La. 239, 185 So. 11; Pizzitola v. Letellier Transfer Co., La. App., 167 So. 158; Bernard v. Gravois, La. App., 8 So.2d 318; New Orleans N.E. R. Co. v. Redmann, La. App., 28 So.2d 303.
Eliminating from consideration those allegations, we find that the petition clearly sets forth that the merchandise was delivered to defendant, a common carrier, for C.O.D. delivery to the consignee in New York, and that "up to the present time neither the price for the merchandise has been tendered to either plaintiff, nor has a return of the merchandise been offered." Such recitals are typical of those which would be found in a suit for an accounting brought by a principal against his agent, and the instant demand is somewhat analogous to one for an accounting on the contract by which defendant undertook to collect $922 for the merchandise from the consignee. Defendant concedes that it received the merchandise for delivery to the consignee in Watertown, New York, and two witnesses appearing on behalf of plaintiffs testified that up to the time of the trial, more than two years after the date of the contract, neither the price had been tendered to plaintiffs, nor was a return of the merchandise offered by defendant, nor was any explanation given for the nondelivery of the shipment.
An agent is obliged, under R.C.C. art. 3004, to render an account of his management, and art. 3005 makes it his duty to restore to his principal whatever he has received by virtue of the procuration.
As before stated, the defendant produced no evidence whatever, and was content to rest its case on the sole contention and proposition that there was no legal proof tendered by plaintiff showing that the shipment was delayed.
Plaintiffs' evidence, coupled with defendant's admission that the merchandise was received by it for shipment, made out a prima facie case, and the burden then shifted to the defendant to negate its liability.
It is well settled that the agent bears the burden of proof to show what disposition he has made of money or property which he admits having received from his principal. Laporte v. Laporte, 109 La. 958, 34 So. 38. Likewise, it is the duty of an agent to prove occurrences preventing him from collecting debts placed in his hands for collection, or in other words to show due diligence. Griffin v. Neelis, 14 La. App. 301, 125 So. 888; Stancill v. Gilmore Henderson, 6 La. Ann. 763.
In Livaudais v. Denis, 4 La. Ann. 300, the Court said: "* * * It has been repeatedly held that, when obligations are placed in the hands of an agent for collection, it is not sufficient for him, after a lapse of time, to offer to return them, without showing that he exercised ordinary care and industry to get the money. * * *"
In Delpeuch v. Dufart, 7 La. 533, it was held that in an action by the principal against his factor, to account and pay over a balance for merchandise sold on consignment, it devolves on the latter to show he has not received any money by the sale of the goods, or collected any of the debts, and to establish this to be the case without his fault, in order to avoid being liable.
In Collins v. Andrews, 6 Mart., N.S., 190, 195, the Court commented: "The second question is in relation to a bill of exceptions taken to the opinion of the judge a quo, by which he required the plaintiffs to prove negligence on the part of the defendant in not recovering two debts, amounting to 880 dollars, due to the succession of L. Collins. The authorities on this subject have the appearance of variance; but we are inclined to think the court below erred in throwing the burthen of proof on the plaintiffs. It is, in our opinion, incumbent on the defendant to show the occurrences which prevented him from collecting the sum of 740 dollars from Ligot, and 140 dollars from Moore; or, in other words, to show due diligence. See [Nichols v. Roland] 11 Martin, 190 Seq."
See also Bauer v. Albers, 187 La. 496, 175 So. 39, and City of Gretna v. Gosserand, La. App., 191 So. 750. *Page 57 
We now pass to the measure of plaintiffs' recovery. The general rule is stated in 13 C.J.S., Carrier, § 186, p. 386 as follows: "* * * for breach of its duty, under such a shipment, to act as collecting agent for the consignor, the carrier is liable for whatever could have been collected if such duty had been performed, and it has been held that if, in such case, the carrier can be sued in conversion for a delivery without making the required collection, nevertheless, the carrier's obligation arises from the contract, and the amount of recovery will be the contract amount, and not the value of the goods. * * *"
In Mogul v. Lavine, supra, it was said [247 N.Y. 20, 159 N.E. 709]:
"* * * For the breach of its duty to act as agent for the shipper in the collection of the price, it is liable, like any other collection agent, for whatever could have been collected if the duty had been fulfilled. Mechem, Agency, § 1320. * * *
"The subject has been much considered in actions against banks for negligence or other default in the collection of commercial paper. Prima facie, the amount of the damage is the amount to be collected. First Nat. Bank of Meadville Pa., v. Fourth Nat. Bank of New York, 77 N.Y. 320, 328, 33 Am.Rep. 618; Id., 89 N.Y. 412; Mechem, supra. If nothing more is proved, the damages will be assessed upon that basis. * * *"
Our jurisprudence is in harmony with that of the common law to the effect that the amount of the obligation entrusted to the agent for collection is the prima facie measure of damages suffered by the principal, where the agent fails to collect the obligation because of negligence and lack of diligence. Griffin v. Neelis, supra; Blanc v. Mutual Nat. Bank of New Orleans, 28 La. Ann. 921, 26 Am.Rep. 119; Livaudais v. Denis, supra.
After this case was argued and submitted, counsel for defendant filed a supplemental brief calling our attention to the fact that although defendant contended in argument and in its original brief that it had objected to the several letters offered in evidence by plaintiffs, in fact no objection had been made to the reception of the letter labeled "P-10" and that the recitals of this letter should be considered along with the other evidence.
This letter, which is dated October 21, 1948, was written to one of the plaintiffs by the Freight Claim Agent of the Illinois Central Railroad, presumably the agent of defendant, and informs the addressee that when the shipment arrived at Watertown, New York, "same was refused by consignee account delay in transit." The letter states that the Delta Motor Line had been notified thereof in March, 1947, and that its instructions were that the merchandise be returned to it, but that when the shipment ultimately reached New Orleans in April of 1947 the same was refused by the Delta Motor Line. The Claim Agent of the Illinois Central Railroad desired to know what disposition should be made of the matter.
It does not appear to us that the letter in any manner bolsters defendant's cause. If its contents are to be considered, then the allegations of the petition, which we referred to as being redundant, were amply proved, as the letter clearly shows that the consignee refused to accept the shipment because of delay in transit, and the defendant carried the burden of explaining the cause of the delay.
It is argued that the letter proves that after the consignee had rejected the shipment the merchandise was tendered to plaintiffs, which they refused. Our construction of the import of the letter, however, is that it was the Delta Motor Line which, after requesting the Illinois Central Railroad to return the goods to it at New Orleans, refused to accept the same. The letter was not written until two years after the merchandise had been delivered to the carrier and receipted for by it, and under the authorities above cited, even if we should construe the letter as being an offer or tender to plaintiffs, certainly it came too late. We conceive it to be, under the law, an agent's duty to promptly account for and return his principal's property. See Livaudais v. Denis, supra. In Spitzer v. Porto *Page 58 
Rican Express Co., 112 Misc. 453, 183 N.Y.S. 19, it was held that a delay of eight months in returning a C. O. D. shipment, the acceptance of which had been refused by the consignee, was unreasonable.
Thirdly, counsel contends that even if no tender has been made to plaintiffs, the carrier is nonetheless relieved from liability, as no legal obligation rests upon a carrier to return merchandise to the shipper when delivery is refused by the consignee, and that in such case the carrier's status then becomes that of a warehouseman. Our attention is directed to Monroe Mfg. Co. v. New Orleans N.E. R. R. Co., 4 Orleans App. 126.
Again repeating what we have hitherto said, the ordinary rules governing a shipment of freight have no application in this case. Where a C. O. D. shipment is undertaken, the carrier acts as the agent for collection of the consignor, and the duties which he is bound to fulfill are the same as those owed by any agent to his principal.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.