YARRUT, Judge.
Defendant (a common carrier by air) appeals from a judgment in favor of plaintiff (a shipper) for $1,295.06, interest and costs, damages for the loss of two shipments of merchandise accepted by defendant for delivery on a C. O. D. basis, to a consignee in San Salvador, C. A., on April 18 and 22, 1958.
The shipments were delivered by defendant to the San Salvador Customs authorities as required by San Salvador law for the payment of import duties. Though notified of such arrivals the consignee failed to take any action to obtain release of the goods and pay the C. O. D. charges.
Sometime in May, 1958, defendant first notified plaintiff that the merchandise was subject to sale by the Customs authorities; and again in September, 1958, informed plaintiff that the consignee was in financial difficulties (ultimately adjudicated a bankrupt), and advised plaintiff to have the shipments returned, explaining that a letter authorizing defendant to repossess the shipments was necessary and required by the San Salvador Customs before they would release the shipments to defendant.
On January 28, 1959, plaintiff wrote defendant authorizing the return by defendant of the shipments, and enclosed his check for $142.06 to cover freight charges both ways, storage and Customs charges. This letter defendant must have considered as sufficient authority for the release of the shipments to it by Customs, since defendant forwarded this letter to Customs without question. Not having received a return of the shipments as of March 9, 1959, plaintiff wrote on that date demanding that defendant return the merchandise within ten days, otherwise a formal claim would be filed against it for the full amount of the shipments, plus all charges. Customs had advised defendant that plaintiff’s letter of January 28, 1959, authorizing the release, had been lost and, upon receiving this information, claims to have requested that plaintiff furnish it with a second letter of au *924 thority, which request plaintiff denied receiving.
On March 19, 1959, plaintiff wrote defendant that he was filing formal claim for $1,295.06, the invoice price of the two shipments, plus the deposit previously made to cover all freight, Customs charges, etc.
On March 24, 1959, defendant again wrote plaintiff confirming that his original letter had been mislaid by Customs; that a second letter had been refused; and unless such a letter were furnished by plaintiff within five days defendant could not return the shipments; and the deposit covering the cost of the return shipment, etc. would be returned.
Defendant denies liability on the ground, (1) that there was no agency relationship created for the return shipment; (2) that plaintiff failed to furnish the required authority for the release to it by Customs; and (3) failed to minimize its loss.
A common carrier is not an insurer, but is held to the highest degree of care in the preservation and delivery of goods accepted for carriage. Such carrier is not bound to collect for merchandise entrusted to it for delivery, but, when it accepts a shipment on a C. O. D. basis, it becomes the agent of the shipper for the collection of the purchase price or the return of the shipment. Where the carrier breaches this duty it is liable for whatever could have been collected if such duty had been properly performed. The amount entrusted to it for collection is prima facie the measure of damages suffered by the shipper, unless the carrier’s failure was not due to its negligence or lack of diligence. Justin v. Delta Motor Line, La.App., 43 So.2d 53; 13 C.J.S. pp. 382-383, § 186, verbo “Carriers.”
The contention that there was no agency agreement for the return of the goods is without merit. The original contract of carriage on a C. O. D. basis was still in effect. The delivery in transit to the Customs authority was to insure payment of the import duties. The consignee, though promptly notified, could not claim the shipments because it was insolvent.
Even if the first letter of authority to defendant on January 28, 1959, was lost by Customs, plaintiff’s letter ultimatum to it of March 9, 1959, that, unless it returned the goods in ten days, it would be held responsible for all loss suffered by plaintiff, in itself, was authority to repossess the shipments from Customs. Certainly, if the letter of January 28th was sufficient authority to release the merchandise, the letter of March 9th was also sufficient authority. The record does not reveal that defendant ever submitted the letter of March 9th to-Customs.
The contention that plaintiff did nothing to minimize its loss is equally untenable. In its letter ultimatum of March 9, 1959,. defendant was told to return the merchandise within ten days or be responsible for all losses. Had it done so, defendant would have been relieved of all liability. Plaintiff’s explanation was that his vendor agreed to accept the return for full credit if returned in ten days. Instead of minimizing any loss, plaintiff had arranged to avoid all loss. Yet defendant did nothing but demand further authority to repossess from Customs, notwithstanding it already was given, not once, but twice such authority.
Defendant was derelict in its duty in not returning the shipments. There-never has been an accounting from defendant to plaintiff of what the proceeds were-when sold by Customs at public auction. In-view of the jurisprudence cited supra,, plaintiff is entitled to recover the full invoice value, which is prima facie proof of the loss, defendant having offered no testimony in rebuttal.
For the reasons assigned, the judgment of the District Court is affirmed, defendant to pay all costs in both courts.
Affirmed.
*925 PER CURIAM.
In its application for a rehearing Defendant-Appellant urges we erred in not allowing credit for the freight charges to South America, and for the 40% dividend Plaintiff received from the consignee’s trustee in bankruptcy in South America.
Plaintiff testified he received about 40% from the trustee of its claim in excess of $8,000, for previous shipments to consignee, but was unable definitely to state whether there was included any claim or allowance for the shipments involved here.
As a matter of fact and law, Plaintiff could not have urged any claim for loss of the shipments involved here except freight, since Plaintiff would have suffered no loss had Defendant completed its contract of carriage and returned the shipment to Plaintiff in Louisiana, as Plaintiff had arranged to return the shipments to his vendor without loss or cost. Under LSA-C.C. Art. 2488, Plaintiff had the right to stop the shipment in transit because of consignee’s insolvency. This Plaintiff did, and instructed Defendant to repossess the shipments from the Customs Office and return them to him, at the same time remitting to Defendant all freight, Customs charges and storage, which Defendant received and retained. In the absence of proof to the contrary, we must assume that the law of the consignee’s domicile in South America is the same as that of Louisiana and that, under the facts here, Plaintiff would have had no claim against the bankrupt’s estate, except for freight, Customs and storage charges. Hence, the recovery of the 40% dividend by Plaintiff in South America must have been on account of the value of the previous shipments, and only the freight, Customs and storage charges for the two shipments involved here. Accordingly, Defendant at best would be entitled only to credit for the freight charges to South America.
The other issues discussed by Defendant in its application for a rehearing have already been thoroughly discussed in our opinion and it will serve no purpose to repeat them again.
Since we believe Defendant is entitled to the freight charges to South America, amounting to $54.84, it will serve no purpose to grant a rehearing. It will suffice by this per curiam to amend our original decree by allowing Defendant credit for $54.-84.
Accordingly, our original decree is revised by amending the judgment of the district court by allowing this credit, thus making the final judgment in favor of Plaintiff-Appellee $1,240.22 instead of $1,295.06, Defendant to pay all costs of court. The right of Plaintiff-Appellee to apply for a rehearing is reserved.
Rehearing Refused — Judgment Amended and Affirmed.