HOME BEN. ASS'N OF PARIS, TEX., v. SMITH. (No. 3666.)

Court of Civil Appeals of Texas. Texarkana. April 12, 1929.

Rehearing Denied April 25, 1929.

358

Beauchamp & Lawrence and W. F. Moore, all of Paris, for appellant.

Park & Dohoney, of Paris, for appellee.

WILLSON, C. J. (after stating the case as above). [1] It appears in the statement above that by the terms of the policy sued on appellant was not liable for the additional sum therein stipulated for unless Smith's death was from an accident. Appellant insists that, while it may have appeared that his (Smith's) death was an accidental one, it did not appear from the evidence that it was from or because of an accident, and that the trial court, therefore, erred when he refused its request that he instruct the jury to return a verdict in its favor.

In support of its contention appellant cites several cases, Pledger v. Business Men's Accident Association, 228 S. W. 110, decided by the Commission of Appeals of this state, and Feder v. Iowa State Traveling Men's Association, 107 Iowa, 538, 78 N. W. 252, 43 L. R. A. 693, 70 Am. St. Rep. 212, decided by the Supreme Court of Iowa, being the ones it seems to most confidently rely upon.

In the Pledger Case the contingency insured against, the court said, "was accidental death, rather than death caused by accidental means."

The death of the insured, due, it appeared, to a rupture of the heart or blood vessels caused by his lifting a bale of cotton, was held to be an accidental one, and therefore within the terms of the policy. It is urged that the effect of the ruling is to require a holding in the instant case that Smith's death was an accidental one; but, if it does, evidently it does not require a further holding that it was not from an accident, for, as the Commission of Appeals said, "an accidental death may or may not be the result of accidental means;" that is, of an accident.

The contingency insured against in the Feder Case was death "from any accidental cause." The death of the insured was due to a ruptured blood vessel caused by an effort he made to close window shutters. The Iowa court held that a finding that the death was from an accident was not warranted, and therefore that the trial court did not err when he instructed the jury to return a ver-

dict in favor of the insurer. We see no material difference between that case on its facts and this one, and, if we felt bound to follow it, would hold with appellant in its contention. We do not feel so bound, however, but instead think we should follow cases like United States Mut. Acc. Ass'n v. Barry, 131 U. S. 100, 9 S. Ct. 755, 33 L. Ed. 60, decided by the Supreme Court of the United States; Bryant v. Continental Casualty Co., 107 Tex. 582, 182 S. W. 673, L. R. A. 1916E, 945, Ann. Cas. 1918A, 517, decided by the Supreme Court of this state; and Fort Worth Mut. Benev. Ass'n of Texas v. Miller, 280 S. W. 338, decided by the Fort Worth Court of Civil Appeals; which, as we understand them, in effect hold to the contrary of the Feder Case.

In the Barry Case the contingency insured against was, as in the instant case, death by "accidental means." The death of the insured was due to internal injury caused by his jumping to the ground from a platform about four feet high. In overruling the insurer's contention that "there was no evidence to support the verdict because no accident was shown," and affirming a judgment in the plaintiff's favor, the court said:

"It must be presumed not only that the deceased intended to alight safely, but thought that he would. The jury were, on all the evidence, at liberty to say that it was an accident that he did not."

In the Bryant Case the contingency insured against was death from sunstroke due to accidental means. The insured suffered sunstroke "while walking upon the streets of Houston in the ordinary course of his occupation as a collector of accounts." A judgment denying the plaintiff a recovery was reversed, the Supreme Court holding the death of the insured to be from accidental means.

In the Miller Case the contingency insured against was death "by accidental means only." The death of the insured was due to the rupture of a blood vessel caused by her exertion in assisting in pushing an automobile up a river bank. In affirming a judgment for the plaintiff, the court said:

"It may be said that the immediate cause of the death was the bursting of the blood vessel and not the pushing of the car; that the result was unintended and unexpected, and hence such as insured against."

We see no material difference between this case on its facts and the Barry and Miller Cases on their facts, nor why if the death in those cases, respectively, was attributable to an accident, the death in this case should not be held to be from an accident.

■■ Appellant requested the court to instruct the jury if they found Smith's cranking the car caused one of his blood vessels to be ruptured (and the jury so found), to find whether the bursting of the blood vessel was "produced or contributed to (quoting) by the diseased condition of Harry Smith." The complaint made here of the action of the trial court in refusing to submit the requested issue to the jury is based on testimony that Smith had been a "hard drinker" at one time in his life, and testimony of physicians that cranking a car as Smith did ordinarily would not cause the rupture of a blood vessel if it was not in a diseased condition. As we view it that evidence did not make an issue as to whether Smith's death was attributable to disease or not, and had it made such an issue, and had the jury found that disease was a contributing cause of his death, we do not think it would have been a reason why the judgment in appellee's favor should not have been rendered on the findings set out in the statement above. There was no stipulation in the policy against liability on appellant's part if Smith's death was caused by accident and disease combined. "Where a man is so afflicted," said the court in Hooper v. Standard Life & Accident Ins. Co., 166 Mo. App. 209, 148 S. W. 116, "that he will die from such affliction within a very short time, yet if, by some accidental means, his death is caused sooner, it will be a death from 'accident,' within the meaning of the terms of an accident insurance policy."

■ Appellant asked the trial court to submit to the jury an issue as follows, and complains here because that court refused its request:

"Was the death of Harry Smith a result of an accident as that term is hereinafter defined? * * * An accident is a happening which is unforeseen or could not have been expected by the insured. If death was caused or contributed to by any weakened or diseased condition of the insured, then in such an event the death would not result from accident."

In its brief appellant concedes that it was uncontroverted in the evidence that Smith's death was proximately caused by a ruptured blood vessel. We think it was also uncontroverted in the evidence that the rupture was an unexpected result of Smith's attempting to crank the car as he did, and that the rupture, therefore, was an accident within the meaning of the policy, without respect to whether Smith was suffering from hardened arteries, as suggested in the evidence, or not. It follows that we do not think the court erred when he refused to submit the requested issue.

The judgment is affirmed.