### SHOOP v. SHOOP et al.

### No. 1755.

Court of Civil Appeals of Texas. Eastland.

Feb. 18, 1938.

Rehearing Denied March 18, 1938.

J. Rosser Thomas, of Houston, for appellant.

G. H. Miller, of Columbus, for appellees.

LESLIE, Chief Justice.

Robert Shoop, husband of Vina Shoop, instituted this suit against his brother Rex Shoop and wife, Elvira Shoop, to recover the custody of the former's small child, Lela Jane Shoop. In seeking to retain its custody and care, the defendants answered by plea in abatement, general demurrer, general denial, and specially alleged that the plaintiff had theretofore (practically at birth of child) placed it in their charge and voluntarily relinquished to them its care and custody in order that it might receive proper medical attention, educational and social advantages, etc.; that the defendants love the child and were able financially and otherwise to give it such advantages and opportunities; that they are willing and desirous of doing so, and otherwise qualified to discharge the duties of rearing the child.

The cause was tried before the court without a jury, and at the conclusion of the testimony a judgment was rendered in favor of defendants (respondents) and denying plaintiff (relator) the relief sought. In his judgment the court "finds that the best interest of the minor Lela Jane Shoop, in her tender age, whose care and custody was relinquished by plaintiff, Robert Shoop, and his wife Vina Riddle Shoop, and by them placed in defendants, will be conserved by the said child remaining in the custody of the defendants Mrs. Elvira Shoop and her husband Rex Shoop, aunt and uncle of said child, and that the general welfare of said child demands that said child remain in their custody." The judgment further granted the natural parents unrestricted right of visiting the child in the home of the respondents.

■■ The relator duly excepted to the judgment, gave notice of appeal, and presents the record here upon one assignment of error to the effect that, "The judgment is unsupported by the evidence and is contrary to the weight of the evidence." Obviously, no question arises on the pleadings or the admission of testimony. There is a statement of facts in the record, but there are no findings of fact or conclusions of law in the transcript. To warrant a reversal of the judgment on this character of record, the appellant must show from the record that under no theory to be gathered therefrom was the trial court authorized to render the judgment, and it is the duty of this court to affirm the judgment if the evidence supports it upon any theory of the case. 3 Tex.Jur. p. 507, § 355.

■■ A careful examination of this record discloses that this is a typical child custody case, and, as stated in Davis v. Sears, Tex.Com.App., 35 S.W.2d 99, the determination of the best interest and future welfare of the child is the vital, ultimate issue. This issue, as well as that of the voluntary relinquishment of the custody and care of the child by its natural parents to the respondents, is presented by the pleadings, and such allegations we find to be well supported by the testimony. The least that could be said of the evidence is that it was conflicting upon these major issues. In that state of the testimony it is the duty of this court to affirm the judgment of the trial court, who, with due appreciation of the controlling issues in mind (as disclosed by above excerpts from judgment), has resolved them in favor of continuing the care and custody of the child with respondents. This conclusion of the trial court on the final test in such cases, namely, the welfare of the child, cannot be disturbed by this court on the showing made in this record.

The case is ruled by the following authorities, which well establish the applicable rules of law: Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Duckworth v. Thompson, Tex.Com.App., 37 S.W.2d 731; Davis v. Sears, Tex.Com.App., 35 S.W.2d 99; Dunn v. Jackson, Tex.Com.App., 231 S.W. 351; Johnson v. Campbell, Tex.Civ.App., 107 S.W.2d 1111; and other authorities cited therein.

The pleadings and the testimony in this case reflect the various features and human elements common to this class of cases, but it is not believed that a reiteration of them in this opinion would serve any useful purpose. The judgment is sufficiently supported by testimony. The assignment of error is overruled.

For the reasons assigned the judgment of the trial court is affirmed.