MICHAEL OKIN AND ARTHUR T. OKIN, T/A GARRIS GAL-
LERIES, PLAINTIFFS, v. RAILWAY EXPRESS AGENCY,
A DELAWARE CORPORATION, DEFENDANT.

Decided December 8, 1945.

For the plaintiffs, *Altman & Backer* (by *Chaim H. Sandler*).

For the defendant, *S. Paul Ridgway*.

BURLING, C. C. J. and S. C. C. Motion has been made by the plaintiffs for an order:

(a) Striking out, severally and jointly:

"A. The entire answer;

"B. The general denial contained in the answer;

"C. Each affirmative or separate defense contained in the answer."

Upon the following grounds:

"1. That same are untrue in fact and sham.

"2. That same are insufficient in law to constitute a defense or defenses to the complaint.

"3. That same are frivolous.

"4. That same are repetitious.

"5. That same are argumentative.

"6. That same are so framed as to embarrass or delay a fair trial."

(b) And for summary judgment.

Since there is no common law duty devolving upon an express company or other common carrier to act as the collecting agent of the shipper, such obligation arises by contract, express or implied. 13 *C. J. S., Carriers,* 382, § 186.

The duty of the carrier has recently been defined in *S. B. Penick & Co.* v. *Triple "M" Trans. Co.* (*Supreme Court,* 1943), 131 *N. J. L.* 114 (at *p.* 115); 34 *Atl. Rep.* (*2d*) 898, 899, as follows:

"When a carrier makes a contract to collect on delivery, it stands with reference to it just as any other agent and for breach of its duty in the collection of the price is liable for whatever it would have collected if the duty had been fulfilled, *Joseph Mogul, Inc.,* v. *C. Lewis Lavine, Inc.,* 247 *N. Y.* 20; 159 *N. E. Rep.* 708."

The complaint alleges an agreement in paragraph 2 thereof as follows:

"2. On or about the date aforesaid plaintiffs, delivered to defendant and defendant accepted from said plaintiffs at

Atlantic City, New Jersey, a package containing a diamond ring under an agreement wherein and whereby defendant contracted to transport said package and deliver same to one Ernest S. Softley, Scranton, Pennsylvania, for a reward, and defendant further agreed, without reservation, to collect on the delivery of the ring aforesaid to the said Ernest S. Softley the sum of three hundred ten ($310.00) dollars for and on account of the plaintiffs, and to forthwith remit the said amount to the plaintiffs."

Its breach is attributed by the plaintiff to defendant's failure to collect and remit after delivery.

Defendant's general denial in face of facts alleged in its affirmative defenses is obviously sham in part.

The first affirmative defense alleges shipment was made and accepted under terms of an express receipt. By stipulation of parties at time of argument, photostatic copy thereof was produced and it should be considered as if incorporated in the answer. The receipt was dated September 19th, 1944.

The affirmative defenses, five in number, are erected upon two propositions:

(a) Defenses 1 and 3 hinge upon the question of examination before payment by the consignee.

(b) Defenses 2, part of 3, 4 and 5 are based upon the alleged fraud and breach of warranty of plaintiff, in relation to their contract with the consignee.

The Uniform Sales of Goods Law provides: *R. S.* 46:30–53; *N. J. S. A.* 46:30–53—Examination of goods:

\* \* \* \* \* \* \*

(3) Where goods are delivered to a carrier by the seller, in accordance with an order from or agreement with the buyer, upon the terms that the goods shall not be delivered by the carrier to the buyer until he has paid the price, whether such terms are indicated by marking the goods with the words "collect on delivery," or otherwise, the buyer is not entitled to examine the goods before payment of the price, in the absence of agreement permitting such examination.

No positive provision for examination by consignee is contained in the express receipt and the only reference thereto is contained in the following language:

"4. Unless caused in whole or in part by its own negligence or that of its agents, the company shall not be liable for loss, damage or delay caused by— * * *

e The examination by, or partial delivery to the consignee of C O D shipments. * * *"

The complaint alleges that as between the defendant and the plaintiffs the contract of shipment was without reservation as to a collection upon delivery. Assuming the carrier was justified in permitting inspection by the consignee within the terms of the contract of shipment, the consignee was under a duty to pay or return the goods. 13 *C. J. S., Carriers*, 384, § 186; *Rolla Produce Co.* v. *American Railway Express Co.* (*Springfield Court of Appeals, Missouri*, 1920), 205 *Mo. App.* 646; 226 *S. W. Rep.* 582. The carrier in allowing inspection by the consignee should have so provided.

Upon a c. o. d. shipment, the carrier cannot make absolute delivery without collecting and leave the shipper to his recourse against the consignee. That is the very situation which a c. o. d. is designed to protect. The defendant violated its contract.

Reliance is made by the defendant upon the case of *Herrick* v. *Gallagher* (*New York Supreme Court*, 1870), 60 *Barb.* 566. The facts in that case are to be distinguished from the case at bar. In that case it was admitted by all concerned that the contents of the shipment were worthless and a fraud perpetrated by the consignor. In the present case, if treated as fraudulent, duty rested upon the consignee to rescind and to return the shipment and bring suit for recovery of the original payment made on account against the consignor, or tender return of the goods concurrently with the return of part payment by seller. *R. S.* 46:30–75(4); *N. J. S. A.* 46:30–75(4); *Auto Brokerage Co.* v. *Ullrich* (*Court of Errors*, 1925), 102 *N. J. L.* 341 (at *p.* 343); 131 *Atl. Rep.* 901. He elected to retain the shipment with full knowledge of his alleged fraudulent conduct of plaintiffs. *Kammerer* v. *Schuten* (*Court of Chancery*, 1926), 99 *N. J. Eq.* 578 (at *p.* 582); 133 *Atl. Rep.* 483. Question of public policy to refuse aid to one who is alleged to have been fraudulent is not involved.

The general denial is sham. *State* v. *Owens* (*Supreme Court,* 1945), 23 *N. J. Mis. R.* 122 (at *p.* 126); 41 *Atl. Rep.* (*2d*) 809. The affirmative defenses are frivolous. The answer will be stricken.

Since this is a Supreme Court issue, as Supreme Court Commissioner no power exists to make an order for summary judgment. The pertinent practice is referred to in *State* v. *Owens,* 23 *N. J. Mis. R.* (at *p.* 132); 41 *Atl. Rep.* (*2d*) 809.

Appropriate rule may be presented.