## ALAMO MOTOR LINES v. MORELAND.

### No. 3097.

Court of Civil Appeals of Texas.

Eastland.

June 4, 1954.

Maynard F. Robinson, San Antonio, Nunn & Griggs, Sweetwater, for appellant.

Samuel H. Wilds, Bridgeport, for appellee.

LONG, Justice.

Alamo Motor Lines instituted this suit against H. L. Moreland for damages. Plaintiff alleged that on December 20, 1952, its truck collided with one of several head of cattle at a point near the Davis Mountain Station on U. S. Highway 290 in Reeves County, Texas. Plaintiff alleged that said cattle were on the highway by reason of the negligence of defendant; that as a result of said collision, plaintiff's truck overturned, resulting in damage thereto in the sum of $4,069.04. Plaintiff alleged that defendant was negligent in the following particulars, which were the proximate causes of plaintiff's damage:

"(1) In stopping and parking Defendant's automobile carrier trailer on the traveled portion of a public highway in an unsafe manner whereby its motion without a driver and in the

night time was calculated to endanger any vehicle approaching along said public highway;

"(2) In stopping and parking Defendant's automobile carrier trailer without having a proper brake adjustment so that the vehicle could not come into motion of its own account without other interference or cause;

"(3) In failing to park Defendant's automobile carrier trailer in such manner that it could not of its own inertia roll onto said public highway in the night time;

"(4) In leaving said Defendant's automobile carrier trailer with the motor of the truck running, and in failing to have proper brakes whereby, when the motor ceased running, the truck would not start moving;

"(5) In failing to put out and display flares and signals on the highway to warn approaching traffic after the said automobile carrier trailer had overturned on said highway spilling said cattle;

"(6) In failing to herd said cattle off of said highway after said Defendant's automobile carrier trailer had overturned, permitting cattle to escape and roam at large on said highway.

"(7) In failing, prior to and at the time of said collision to post a proper look-out for approaching vehicles.

"(8) In failing, prior to and at the time of said collision, to give any warning or warning signals after said truck had overturned on said highway and permitting said cattle to roam at large on said public highway."

Defendant answered by general denial and also plead that the driver of plaintiff's truck was guilty of contributory negligence in several respects. The case was tried without a jury and judgment was rendered against plaintiff. Plaintiff has appealed.

Appellant predicates this appeal upon one point: "That there is no evidence to support the judgment and verdict of the court below." There was no request for findings of fact and conclusions of law and none were filed.

Before we would be authorized to reverse the judgment, it must be shown that appellant conclusively established at least one of the grounds of negligence alleged and that such negligence was a proximate cause of the damages sustained. Furthermore, we must find that there is no evidence to support the implied findings of the trial court that the driver of appellant's truck was guilty of contributory negligence. Therefore, in determining this matter, we must view the evidence in its most favorable light in support of the judgment and if the judgment can be sustained upon any theory, it is our duty to do so. Appellant did not establish conclusively that the defendant was guilty of negligence on any of the grounds alleged. The evidence discloses that the appellee Moreland, was transporting a load of cattle in his truck from Sweetwater to California on the occasion in question; that he stopped his truck off of the paved portion of the highway at what is known as the Davis Mountain Station near the junction of U. S. Highway 80 and U. S. Highway 290 in Reeves County. There is evidence that defendant left his truck with the motor running and went into the station for the purpose of obtaining a cup of coffee; that a man who was traveling with defendant remained in the cab of the truck. At the time defendant left his truck he set the brakes which were of the type which operate only when the motor of the truck is running. While defendant was in the cafe the motor failed which caused the truck to roll backwards down a sharp grade and partially overturn on or near Highway 80.

When defendant reached his truck, he determined that it was necessary to release the cattle in order to keep them from smothering. After he released the cattle from the truck he obtained the services of other parties to assist in herding the cattle in an attempt to keep them off the highway. Defendant testified that the man he left

in the truck made an effort to stop it when the motor failed but that he became entangled in the emergency brake and was unable to stop it before it was partially overturned. There is evidence that defendant immediately put out flares near his truck.

 About thirty minutes later, the driver of appellant's truck was traveling along Highway 290 when he saw some cattle approaching the highway; that he turned to the left and missed this bunch of cattle but about one hundred yards further on, he discovered a calf coming onto the highway. The truck of appellant collided with said calf which caused the truck to overturn resulting in material damage thereto. It is not conclusively established that the animal with which appellant's truck collided belonged to defendant. The evidence is sufficient to have sustained a finding by the trial court that such animal did belong to the defendant but in the absence of such finding, we are required to hold that the evidence is sufficient to support the implied finding of the trial court that the animal did not belong to defendant.

There is no dispute as to the amount of damage done to the truck by reason of the collision. We have carefully considered the evidence and cannot find it was conclusively established that defendant was negligent in any of the matters alleged by plaintiff. Furthermore, there is evidence which tends to sustain the implied finding of the trial court that the driver of appellant's truck was guilty of contributory negligence. Appellee alleged that the driver of appellant's truck failed to keep a proper lookout. We believe the evidence is sufficient to sustain a finding that the driver did fail to keep a proper lookout. There is evidence that when he observed the first cattle on the highway that he did not slow the speed of his truck but merely turned to the left. Appellee also alleged that the driver of appellant's truck was driving in excess of the speed limit. There is evidence which

tends to support this allegation. There were skid marks on the highway made by the truck 80 feet in length which was some evidence that the truck was driven in excess of the speed allowed by law.

The trial court, in the absence of a jury, was the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. This case was tried before an experienced and capable judge who saw and heard the witnesses and was in a far better position than this court to weigh the evidence and determine the issues of fact.

The judgment is affirmed.