**HERRIN TRANSPORTATION COMPANY,
Appellant,**

v.

**ROBERT E. OLSON COMPANY, a Corporation, and Gulf Coast Express, Inc., a Corporation, Appellees.**

No. 13464.

Court of Civil Appeals of Texas.

San Antonio.

May 27, 1959.

Opinion as Corrected on Granting of Rehearing June 24, 1959.

———◆———

Remy & Burns, San Antonio, Phinney & Hallman, Ralph W. Pulley, Jr., Dallas, for appellant.

Robert L. Strickland, Bobbitt, Brite & Bobbitt, San Antonio, for appellees.

POPE, Justice.

A shipper sued an initial common carrier and a connecting carrier for failing to collect a C.O.D. charge from the consignee. The trial court rendered a joint and several judgment against the two carriers in the amount of the C.O.D. charge and also gave judgment for the initial carrier against the connecting carrier.

Robert E. Olson Company in San Antonio, Texas, on November 1, 1957, delivered 500 French baskets to Gulf Coast Express, Inc., for shipment to Albin D. Dolney in Savannah, Georgia. The shipment was marked on the original bill of lading and on the waybill as a C.O.D. shipment. Gulf Coast Express delivered the shipment to Herrin Transportation Company in Houston, who failed to place the C.O.D. notation on its waybill. It delivered the shipment to the terminal carrier, Five Transportation Company, who delivered the shipment to the consignee on November 7, 1957, without collection of C.O.D. charges in the amount of $665. When the shipper learned that the C.O.D. was not collected, it demanded payment in the amount of the C.O.D. charges from the carriers. Herrin Transportation Company discovered its failure to make the C.O.D. notation, and on December 9, 1957, issued a corrected waybill and sent it to the terminal carrier. The consignee refused to pay, and the terminal carrier picked up and stored the shipment in its warehouse in Savannah, Georgia. Shipper was so notified on December 19th.

Herrin Transportation Company, the intermediate carrier that neglected to note the C.O.D. on the shipment, reasons that the trial court erred in fixing the damages at $665, the amount of the C.O.D. charges. It says that the merchandise had the same value after it was picked up as before, and that the shipper could have sold it at no loss.

The basis for recovery in such cases is expressed by Mr. Justice Cardozo in Mogul, Inc. v. C. Lewis Lavine, Inc., 247 N.Y. 20, 159 N.E. 708, 709, 57 A.L.R. 934: "An express company or other carrier, receiving merchandise on a C.O.D. shipment acts in two capacities—as bailee to transport the goods and as agent to collect the price. * * * For breach of its duty as bailee to carry and deliver to the person and on a condition stated by the shipper, it is liable, as in the case of any other misdelivery, for the value of the goods. * * * For breach of its duty to act as agent for the shipper in collection of the price, it is liable, like any other collection agent, for whatever could have been collected if the duty had been fulfilled." The Court goes on to state that the loss resulting from improper or negligent collection could fairly be found to be the sum to be collected, even if greater than the actual value. This appears to be a rule of general acceptance. Willer v. Railway Express Agency, D.C. Mun.App., 86 A.2d 104; Justin v. Delta Motor Line, La.App., 43 So.2d 53; Barn-

hart v. Henderson, 147 Neb. 689, 24 N.W.2d 854, 862; Plunkett v. Parsons, 143 Neb. 535, 10 N.W.2d 469; Keathley v. Hancock, 212 Miss. 1, 53 So.2d 29; Okin v. Railway Express Agency, 24 N.J.Misc. 8, 44 A.2d 896; Young v. Santa Fe Trail Transportation Co., 179 Kan. 678, 298 P.2d 235; 13 C.J.S. Carriers § 186.

■ A shipper may not treat the carrier's failure to collect as the carrier's assumption of the debt. Mogul, Inc. v. C. Lewis Lavine, Inc., supra. The measure of shipper's recovery is his loss. In this case the court found as facts, supported by evidence, that the loss was $665, the amount of the debt. The carrier may prove that a debt was uncollectible despite its negligence, but such proof in this case did not meet with the trial court's favor. After the order was placed by consignee, there was a reorganization of the business, but there was evidence that if the charges had been demanded upon delivery, a former partner who made the order and was still in the business, would probably have paid the charges. In our opinion the shipper proved damages to the extent of $665.

One other point in the case is brought forward by Gulf Coast Express. It obtained a judgment against Herrin Transportation Company, but the court denied its claim for $200 attorney's fees. Section 20, paragraph 12 of Title 49 U.S.C.A., provides:

" § 20, par. (12). Recovery by initial or delivering carrier from connecting carrier. The common carrier, railroad, or transportation company issuing such receipt or bill of lading, or delivering such property so received and transported, shall be entitled to recover from the common carrier, railroad, or transportation company on whose line the loss, damage, or injury shall have been sustained, the amount of such loss, damage, or injury as it may be required to pay to the owners of such property, as may be evidenced by any

receipt, judgment, or transcript thereof, and the amount of any expense reasonably incurred by it in defending any action at law brought by the owners of such property."

■ Gulf Coast argues that it was the initial carrier and had to defend, though the loss, damage or injury was sustained by reason of the negligence of Herrin Transportation Company. The connecting carrier, Herrin Transportation Company, urged a special exception to the prayer for attorney's fees and the court sustained it. It was urged that the quoted statute applies only to a loss, damage, or injury to freight, which did not occur in this case. If the court be correct, that the initial carrier may not recover attorney's fees against a connecting carrier save in a case of loss, damage, or injury to the freight itself, then the court should have denied not only the attorney's fees but the whole judgment over against the connecting carrier. This would be so, for the statute is the same, and authorizes judgment over against the connecting carrier in case of "loss, damage, or injury." The statute entitles the initial carrier to a judgment for its loss, damage, or injury, together with "*any* expense reasonably incurred by it in defending *any* action at law brought by the owners of such property." It is our understanding that the statute was passed for the purpose of making whole those carriers who were not at fault. Accordingly, the judgment is affirmed insofar as it gives recovery to the shipper against both carriers and to the initial carrier against the connecting carrier. Since the court erred in striking the pleadings for attorney's fees, that part of the judgment adverse to Gulf Coast Express, Inc., must be reversed and remanded. The amount of the attorney's fees is a minor, incidental feature, distinct from all the other issues involved in the cross-claim by Gulf Coast Express, Inc., and can conveniently be determined without a remand of the whole cross-claim. McPherson v. Keeling, Tex.Civ.App., 280 S.W.2d 948.

The judgment is affirmed, except that the denial of the cross-claim for attorney's fees by Gulf Coast Express, Inc., is reversed and remanded for determination of the amount of its reasonable attorney's fees.