AMERICAN INCOME LIFE INSURANCE
COMPANY, Appellant,

v.

Edgar Lee DAVIS, Appellee.

No. 6946.

Court of Civil Appeals of Texas.

Amarillo.

April 4, 1960.

Rehearing Denied April 25, 1960.

Allison & Allison, Levelland, for appellant.

Boedeker & McCann, Levelland, for appellee.

NORTHCUTT, Justice.

The American Income Life Insurance Company, hereinafter referred to as appellant, issued its accident policy insuring the students and teachers of Levelland Public Schools against (1) accidental death or dismemberment, and (2) loss due to actual, necessary, usual and reasonable expense incurred resultant from accidental bodily injury sustained while this policy is in force, subject to the conditions, limitations and provisions set forth in the policy. The provision here in question provides, "Injury as used in this policy means accidental bodily injury causing the loss directly and independently of all other causes and sustained while this policy is in force and while the injured student or injured teacher is:" Then sets out the conditions.

Bobby Davis, a minor, was a student in the Levelland Public Schools and was injured on or about May 26, 1958, while covered by the terms of the policy here in question. The policy covered hospital, doctor and certain other expenses. The appellant refused payment of the expenses covered by the policy. Edgar Lee Davis, father of Bobby Davis, brought this action to recover the actual, necessary, usual and reasonable medical and hospitalization expenses resulting from the accidental bodily injury sustained by Bobby Davis and for 12% penalty and reasonable attorneys' fees. Appellant denied liability and defended the

suit on the ground that if Bobby Davis was injured that it was not an accidental bodily injury caused directly and independently of all other causes; but that a pre-existing bone cyst contributed to the injury.

The case was submitted to the jury upon two special issues. The first issue inquired if Bobby Davis sustained the alleged bodily injury on or about May 26, 1958 through external violence and accidental means. The jury answered "yes." The second issue inquired whether said accidental bodily injury, if any, was the direct result of Bobby Davis' disability, if any, exclusive of all other causes. The jury answered "yes." Upon this verdict the court granted the plaintiff judgment for $330.30 medical and hospital expenses, 12% penalty and $110 attorney's fees, making the total judgment of $479.94. From this judgment appellant perfected this appeal.

Appellant presents this appeal upon the grounds that appellee failed to prove an accidental injury causing loss directly and independently of all other causes; that under Rule 94, Texas Rules of Civil Procedure, after appellant had pleaded a pre-existing bodily infirmity, appellee failed to establish that the medical expenses incurred did not result in whole or in part from treatment of a pre-existing disease; that the court erred in failing to give appellant's requested charge that the jury be asked if Bobby Davis had a bone cyst, and if they found that he did, if any part of the medical expenses were attributable to the treatment of the bone cyst; failure of the court to ask the jury as to the amount of reasonable attorney's fees; that the findings of the jury found that the accidental injury was the result of a pre-existing bone cyst, and that the court erred in instructing the jury not to consider the testimony of Bobby Davis that he had a bone cyst in the proximity of the place where his arm was broken.

■ The undisputed record shows that Bobby Davis injured his arm in playing ball and came within the terms of the policy, unless the injury came within the terms of the exceptions set out in the policy. The statement made by Doctor Barnes being the only doctor testifying was: "In my opinion it cannot be determined when the bone cyst had its onset. There was no history of any previous pain in the arm. I think it is reasonable to assume that throwing the ball was enough trauma to precipitate the fracture." The undisputed record shows Bobby had never had any trouble with his arm before but realized he hurt his arm at the time he threw the ball. Any testimony Bobby might have given as to whether he had a cyst would have been purely hearsay, as he had to be told he had one. We are unable under this record to see where there was any proof other than he injured his arm by the throwing of the ball as he did. Neither are we able to see where there is any showing any of the expenses were attributed to the treatment of the bone cyst or that the cyst caused the injury. Under this record we do not believe the jury could have found other than they did.

Appellant in presenting its point of error that the court erred in not submitting to the jury the reasonableness of the attorney's fees stated: "Although appellee introduced testimony to the effect that the attorney's fees were reasonable there was no jury finding that such fees were reasonable. Then cited Vernon's Annotated Texas Statutes Insurance Code, Article 3.62. This article reads as follows:

"Art. 3.62. Delay in Payment of Losses; Penalty For

"In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with rea-

sonable attorney fees for the prosecution and collection of such loss. Such attorney fee shall be taxed as a part of the costs in the case. *The Court in fixing such fees shall take into consideration all benefits to the insured incident to the prosecution of the suit, accrued and to accrue on account of such policy.* Acts 1951, 52nd Leg., ch. 491." (Italics ours.)

We think under the provision of Article 3.62 above mentioned it was the duty of the court to determine the reasonableness of the attorney's fees. This statute as it now reads has been well discussed in the case of American National Insurance Company v. Points, Tex.Civ. App., 131 S.W.2d 983, and a writ was dismissed by the Supreme Court as judgment being correct. We find no reversible error in this case. All of appellant's assignments of error are overruled.

Judgment of the trial court is affirmed.