**W. J. RICHARDSON et ux., Appellants,**

**v.**

**Sherman D. RABY et ux., Appellees.**

**No. 31.**

Court of Civil Appeals of Texas.

Tyler.

Feb. 27, 1964.

Chas. E. Rattan and Neal C. DeShazo, Dallas, for appellants.

James J. Collins, Jr., Dallas, for appellees.

DUNAGAN, Chief Justice.

This suit was instituted by appellants W. J. Richardson and wife Christine Richardson, against appellees, Sherman D. Raby and wife Lilla Mae Raby, for a deficiency arising by reason of alleged balance due after a foreclosure of a $20,000.00 note and deed of trust given by the appellees as part of the purchase price for the Flora Motel located at 2838 Fort Worth Avenue, Dallas, Texas.

The case was tried upon its merits before the court without the aid of a jury and resulted in judgment for appellees.

The appellants contend that this is an appeal from a summary judgment. The record in this case consists of the Transcript and Statement of Facts. No findings of fact and conclusions of law were requested by the trial court and none appear in the record. No motion for new trial was filed and none was required. The only judgment in the record is one disposing of the case on its merits which contains appellants' notice of appeal. The appeal was perfected by appellants.

In appellants' first, second, third and fifth assignments of error they complain of the court rendering judgment for defendants when the only issue before the court was a hearing on a motion for summary judgment; rendering judgment for defendants when controverted issues of fact were submitted in answer to the motion for summary judgment; in rendering judgment for defendants on controverted issues of fact without the intervention of a jury which had been called for by defendants and not waived by plaintiffs or defendants.

The Statement of Facts in this case reveals the following proceedings:

"THE COURT: Call your first witness.

"MR. COLLINS: Your Honor, this is not a hearing on the plea in abatement, your Honor, this is a trial.

"THE COURT: This is a trial. Call your first witness."

Mr. De Shazo, one of the attorneys for appellants, called as the first witness Mr. Charles E. Rattan, another attorney also representing appellants on this trial. Mr. Rattan testified at length and the only other witness called to testify for appellants was W. J. Richardson who gave testimony in the case. The only witness called to testify by the appellees was Lilla Mae Raby. These three were the only witnesses who testified. After a full and complete trial the judge rendered judgment that appellants (plaintiffs) take nothing by their suit against the appellees (defendants). This judgment reads in part as follows:

"On this the *15th* day of March, 1963, came on to be considered the matter of entering judgment in the above entitled and numbered cause of action wherein both parties appeared in person and by their attorneys and announced ready and submitted the matters in controversy as well of fact and as of law to the Court without the intervention of a jury, and the pleadings and the evidence and the arguments of counsel having been heard and fully understood * * *."

Appellants appeared and announced ready and submitted the matters in controversy as of fact and as of law without the intervention of a jury. Further, the record is wholly devoid of a motion for continuance, a request for jury or any objection at all to the court proceeding with the trial of the case on its merits. The record before us does not reflect a demand for a jury for either party in this case or that a fee had been paid to secure one. The record does not support the first, second, third and fifth assignments of error in that it does not show any such action or ruling as that mentioned in the assignments. Assignments of error must be supported by the record, and, if not, that alone requires them to be overruled. Western Union Life Company of Houston, et al v. Ensminger, Tex.Civ.App., 103 S.W.2d 162; Johnson v. Sabine & E. T. Ry. Co., 69 Tex. 641, 7 S. W. 379; Foust v. Jones, Tex.Civ.App., 90 S.W.2d 665.

Even though we may assume that a timely request for a jury was made in compliance with Rules 216 and 217, Texas Rules of Civil Procedure, appellants came into court and entered upon a hearing before the court without objection and called upon the court to decide any and all issues of fact. After the court ruled adversely to their position, appellants will not be heard to complain that they were entitled to have a jury to decide the fact questions rather than the court. Appellants had a choice between submitting their fact questions to the court or a jury as the trier of the facts, but their right to a jury could be waived if they chose that course, which we think they did by entering upon the hearing without complaint. Hernandez v. Light Pub. Co., et al, Tex.Civ.App., 245 S.W.2d 553; Trinity Construction Company, Inc. v. Franklin, Tex.Civ.App., 323 S.W.2d 668; Roberts, et vir v. Jolly, Tex.Civ.App., 282 S.W.2d 436.

Appellants' assignments of error one, two, three and five are overruled.

Appellants, by the way of assignment of error Number four, next contend the court erred in rendering judgment for defendant Lilla Mae Raby Murray without sufficient evidence, and rendering judgment for Sherman D. Raby without any evidence to support the judgment.

Appellees in their first amended original answer filed on May 24, 1962, plead fraud and misrepresentations on the part of appellants in that appellant falsely represented to appellees that the gross monthly rental income from such motel was and would be in the amount of $3,000.00 per month; that the utility bills amounted to only $96.00 or $100.00 per month; that the telephone rental charges were $40.00 per month, when in fact the gross monthly rental income from such property was far less than $3,000.00 per month; that the utility bills were grossly in excess of such sums represented; that the telephone rental charges amounted to approximately $90.00 per month. They further allege that appellees relied upon the aforesaid false misrepresentations, believing them to be true, and were thereby induced to execute said note and deed of trust which they would not have otherwise done.

During the time this suit was pending in the trial court and before it proceeded to trial and judgment, Mrs. Raby divorced her husband, Sherman D. Raby, and had married a man by the name of Murray and her third amended original answer was filed under the name of Lilla Mae Murray.

Appellee Lilla Mae Raby Murray, on February 21, 1963, filed her third amended original answer and alleged that at the time of the signing of the note forming the basis of this suit she was the wife of appellee Sherman D. Raby, and at the time this suit was instituted she was the wife of the said Sherman D. Raby; that she divorced Raby on or about May 1, 1962; that the debt in question was a community debt created during marriage to be paid for out of community funds; that at the time the appellee Lilla Mae Raby Murray, formerly Lilla Mae Raby, executed the promissory note and deed of trust in question her dis-

abilities of coverture had not been removed by any court of competent jurisdiction, and that the said promissory note and deed of trust were not executed for the purpose of securing necessities to be furnished her and/or her minor child, nor were they executed for the purpose of protecting, managing, controlling or disposing of her separate property and estate, nor were they necessary for this purpose, and at the time she executed the said instrument (note) she did not have the legal capacity to bind herself personally liable for the debt created by the said instruments; that she cannot be legally held personally liable for a debt created under these conditions.

In paragraph 4 of said answer she pleads material misrepresentation of facts so as to constitute fraud and misrepresentation on the part of the appellants; that the plaintiff grossly exaggerated the income to be derived from the property involved herein and grossly minimized the operating expenses necessary to operate the said property in question; that the plaintiff made these material misrepresentations for the sole purpose of inducing the defendant to execute the note and deed of trust in question; that said misrepresentations were wilfully and intentionally made for the purpose of defrauding her, and that by reason of such fraud and misrepresentations perpetrated upon her by the appellants the said note should be set aside and declared for naught since the same is void.

Appellee Lilla Mae Raby Murray testified at length in the trial of this case covering every defense pleaded in her third amended original answer and we think it fully supports her plea of disabilities of coverture and every element of fraudulent representations; also we think her testimony is sufficient to raise an issue on each of her defensive pleas. The court, the trier of the facts, resolved these issues in her favor.

As heretofore stated, there is a Statement of Facts in the record, but there are no findings of fact or conclusions of law

in the Transcript. To warrant a reversal of the judgment on this character of record, the appellant must show from the record that under no theory to be gathered therefrom was the trial court authorized to render the judgment; and it is the duty of this court to affirm the judgment if the evidence supports it upon any theory of the case. Shoop v. Shoop, et al, Tex.Civ.App., 114 S.W.2d 373.

Judgment having been rendered by the trial court in favor of appellee, Lilla Mae Raby Murray, the evidence will be considered in the light most favorable to her; and, there being no findings of fact and conclusions of law, the judgment will be affirmed on any theory having support in the pleadings and the evidence. Athans, et al v. Rossi, Tex.Civ.App., 240 S.W.2d 492.

We think the evidence is sufficient to support the judgment for appellee, Lilla Mae Raby Murray.

In a case tried before a court without a jury, the court sits as a trier of the facts as well as the law and stands in the same relation to the factual aspect of the case as does a jury when one is had. He is the judge of the credibility of witnesses and the weight to be given their testimony, and his findings are entitled to the same weight and conclusiveness on appeal as the verdict of a jury. And where there is some evidence of a substantial and probative character to support the trial court's findings and judgment, they are controlling upon a reviewing court and will not be disturbed even though the appellate court might have reached a different conclusion therefrom. Taylor v. Stanford, Tex.Civ. App., 229 S.W.2d 427; Republic Casualty Co. v. Obregon, et al, Tex.Civ.App., 290 S. W.2d 267; Lane v. Brown, Tex.Civ.App., 312 S.W.2d 735; Alamo Motor Lines v. Moreland, Tex.Civ.App., 269 S.W.2d 858.

Turning now to the assignment of no evidence to support the judgment in behalf of appellee Sherman D. Raby.

The Texas Supreme Court in Pridham v. Weddington, et al, 74 Tex. 354, 12 S.W. 49, in discussing appellant's assignment of error that the court erred in permitting the appellee Weddington to state, over the objections of the appellant, that he would not have purchased the stock had not the representations been made to him, because such statement was a conclusion, and permitted the appellee to decide one of the most important issues in the case. The court said:

"We do not think the statement a mere conclusion, but rather the terse statement of a fact, which was peculiarly within the knowledge of the witness. What particular influence acts upon the mind of an individual to induce him to perform a particular act is known to him alone until disclosed by his declarations and conduct. If there has been no such disclosure, then not only the best evidence, but the only source of information on the subject, is the testimony of the party himself. * * *"

Sherman D. Raby did not testify or appear at the trial of this cause, nor was he represented by counsel, his attorney having withdrawn prior thereto. Neither is there a brief in his behalf on file with this court.

■ There is not any testimony that Sherman D. Raby, by such alleged false statements of appellants, was induced to sign the note or deed of trust, or that he relied upon such statements. The evidence does not disclose any declarations or conduct on the part of Sherman D. Raby in regard thereto. Since proof of these essential elements of actual fraud are lacking, we agree with appellants' contention that there is not any evidence to support the judgment of the trial court for Sherman D. Raby.

Appellants, in their original petition, prayed for judgment against defendants and each of them for the sum of $10,000.00, together with interest to date of said judgment at the rate shown in said note, and attorney's fees and trustee's fees as is called for in said note and deed of trust. The note provides that in the event of default and it is placed in the hands of an attorney for collection or collected by suit or through probate or bankruptcy proceedings, the makers agree to pay reasonable attorney's fees.

The deed of trust provides that out of the money arising from the sale the trustees shall pay first all charges, costs and expense of executing this trust, including a fee of 5% to the trustee on the total of the indebtedness secured by the deed of trust.

This is not a suit for foreclosure of lien under the terms of the deed of trust. The deed of trust lien given by appellees to secure payment of note was foreclosed and the real estate described therein was sold by the trustee under the terms of the deed of trust on March 1, 1960, for a total consideration of $10,000.00. The proceeds from the sale were deducted from the said $20,000.00 principal, leaving a balance of principal of $10,000.00 due and owing to appellants with interest thereon and reasonable attorney's fees as provided in the note. This suit was instituted on November 4, 1960, for the sum of $10,000.00 representing the unpaid balance on the principle of the note.

■ In view of the provision in the deed of trust expressly providing a method for collecting trustee's fee, we hold that appellants were confined to that method in collecting the trustee's fee and must look to the proceeds of the sale of the property for the trustee's fee and cannot recover such fee in this lawsuit.

For the reasons herein stated, the judgment of the trial court is affirmed as to appellee Lilla Mae Murray, and is reversed and judgment is here rendered for appellants against appellee Sherman D. Raby for the principal sum of $10,000.00, the amount of the note, together with 6% interest thereon from April 16, 1963.

■ Under the record presented appellants pleaded recovery of a reasonable at-

torney's fee and are likewise entitled to recover such as provided for on the face of the note collectible in case of default in payment thereof from appellee Sherman D. Raby only. However, although the evidence reveals that appellee Sherman D. Raby contracted to pay a reasonable attorney's fee, the record does not reflect proof showing what constituted reasonable attorney's fee for appellants, for which reason that part of the alleged cause of action must be remanded to the trial court with instructions to hear evidence on the issue of reasonable attorney's fee for appellants and render judgment accordingly. McPherson, et al v. Keeling, et al, Tex.Civ. App., 280 S.W.2d 948; Herrin Transportation Co. v. Robert E. Olson Co., et al, Tex. Civ.App., 325 S.W.2d 826.