COMBINED AMERICAN INSURANCE
COMPANY, Appellant,

v.

William E. JORDAN, Appellee.

No. 7601.

Court of Civil Appeals of Texas.

Amarillo.

March 28, 1966.

Rehearing Denied June 13, 1966.

Gordon Treadaway, Lubbock, Brundidge, Fountain, Elliott & Churchill, Dallas, for appellant.

Kirby & Ratliff, Littlefield, for appellee.

DENTON, Chief Justice.

William E. Jordan, Appellee, sued Combined American Insurance Company, Appellant, for benefits under an accident, hospitalization and indemnity insurance policy issued by appellant to appellee. Under the provisions of the policy, stated benefits were recoverable "against loss resulting directly and independently of all other causes from accidental bodily injuries * * . * and which loss or injuries are in no way caused or contributed to by diseases". The trial court, without a jury, rendered judgment for appellee upon the insurance policy and a dividend certificate thereto for benefits totaling $1,090.00 plus $130.00 statutory penalty and $500.00 attorneys' fees.

Upon appellant's request, the trial court filed findings of fact and conclusions of law. The material findings and conclusions were:

### "FINDINGS OF FACT

"1. That on or about the 6th day of October, A.D. 1964, Plaintiff W. E. Jordan * * * sustained an accidental bodily injury, in which a volvulus of his small intestine resulted from intra-abdominal pressure attendant upon the effort of lifting a machine component upon which he was working at the time, resulting in loss to said Plaintiff.

2. That such accidental injury was the immediate and precipitating cause of the loss sustained by said Plaintiff.

3. That intra-abdominal adhesions present in the body of said Plaintiff prior to and at the time of such accidental injury constituted a remote cause of the loss sustained by said Plaintiff.

### CONCLUSIONS OF LAW

1. That said Defendant's policies of insurance in question, received in evidence as Plaintiff's Exhibits 3 and 4, are construed to afford coverage against loss of which the precipitating and immediate cause is an accidental injury, and coverage is not avoided if disease or some other condition of the body constitutes a remote cause of such loss."

Appellee was a 68 year old man employed by his son, who was a farm implement dealer. On October 6, 1964, he was mounting a boll puller on a tractor and strained himself lifting the machine. He immediately complained of a hurting in his stomach and six days later Dr. Maurer performed an operation upon him. He was found to be suffering from a volvulus condition described as a twisting of the small intestine. Dr. Maurer had previously performed surgery on appellee on March 3, 1962 and on August 3, 1964. At the time of the first operation appellee had cancer of the transverse colon and a portion of the colon was removed. At the time of the second operation in August, 1964, another primary cancer was found to be located in the sigmoid colon and again a resection of the colon was performed. During the October, 1964 operation, Dr. Maurer found an "abundance of adhesions" on appellee's small intestine. Both Dr. Maurer and Dr. Still, another medical witness who had not examined appellee, described adhesions as scars or scar tissue caused by the healing process. They also described adhesions as a disease or a condition caused by disease as distinguished from trauma from external injury.

The coverage under the policy was limited to loss resulting "independently of all other causes" and "no way caused or contributed to by disease". It is undisputed that appellee, as a result of the two previous major operations, had an abundance of adhesions in his abdominal cavity. The question is whether recovery can be had under the limitations of the policy when the incapacity was caused by an injury and a pre-existing disease or condition. Appellee concedes by brief that he had a pre-existing condition of an abundance of adhesions which made him more susceptible to volvulus. He contends that the law in Texas is that under accident insurance policies

where the cause of injury must be independent of all other causes; a pre-existing condition which makes the insured more susceptible to the injury or constitutes a remote cause of the loss does not prevent recovery. In support of this contention, appellee cites: International Travelers' Ass'n. v. Dixon (Tex.Civ.App.) 283 S.W. 681. Pyramid Life Insurance Co. v. Alexander (Tex.Civ.App.) 337 S.W.2d 813 (Ref. N.R.E.). McVeigh v. International Travelers Assur. Co. (Tex.Civ.App.) 101 S. W.2d 644 (Writ Dis.). The language in these cases which seemed to support appellee's contention was specifically disapproved by the Supreme Court in the recent cases of Mutual Benefit Health and Accident Ass'n. v. Hudman, 398 S.W.2d 110 (1965). Other cases relied on by appellee, such as: Home Ben. Ass'n. of Paris, Texas v. Smith (Tex.Civ.App.) 16 S.W.2d 357 (Writ Ref.) and Pledger v. Business Men's Accident Ass'n. of Texas (Com.App.) 228 S.W. 110, are not applicable to the question presented here. These cases allowed recovery upon proof of approximate causes of the disability by the accidental cause, but the policies in these cases do not involve a limiting clause such as "independently of all other causes" as is found in the present case. They are therefore not authority for appellee's position here.

The policy provision of the instant case is almost identical to that found in the *Hudman* case. In fact the provision here is more restrictive than that found in the *Hudman* case. We consider the latter case controlling under the policy provisions and facts shown here. In *Hudman*, the accident policy limited coverage to death from an accidental injury "independently of other causes". The insured had a pre-existing serious heart disease and overexertion concurred to cause the fibrillation of his heart and this in turn caused his death. The court held the insured's death was not covered by the policy. In so doing, the court held the limitation "independently of other causes" could not be ignored and that under the term of the policy the accidental

bodily injuries must be the sole cause of death or injury. The court held:

"We conclude that by definition of the policy terms and by logic, the policy coverage was limited to accidental bodily injuries which must be the sole cause of death."

The court rejected the proximate cause test previously laid down by some of the cases cited above and quoted with approval from the 1A Appleman, Insurance Law and Practice, Section 403:

"As a general rule, it has been stated that if there is a pre-existing disorder or illness at the time an injury is received, recovery may still be had if the injury was severe enough to have caused the entire damage or considerable damage, but not if the disease was the proximate cause or principal cause thereof. From this, it has been held that where a disease condition aggravates the result of the injury or is, itself, aggravated thereby, there can be no recovery, where the combined result is to cause the death or disability. This has been particularly supported where the death or disability would not have resulted from the external injury alone but, with the combination of injury and disease, the loss is produced * * *"

We must examine the medical testimony to determine whether or not there was coverage under the holding of the *Hudman* case. Dr. Maurer, the physician who had performed the three operations on appellee, testified: "that an accident could possibly cause it, yes". He mentioned two medical authorities who had the opinion that a volvulus condition can be caused by trauma. On April 20, 1965, Dr. Maurer again operated on appellee in the abdominal area. He testified this operation permitted a more thorough exploration of appellee's abdominal region. His letter of April 29 following the April 20, 1965 operation, read in part:

"I am now of the opinion that the preexisting conditions were the adhesions

and that the injury he had sustained had caused an increase of intra-abdominal pressure resulting in rotation of a loop of intestine which was involved by adhesions and this brought about a volvulus of the small intestine."

By way of explaining this letter Dr. Maurer testified: "In other words, had that adhesion not existed there, it is possible he may not have had that tortion. In other words, there is no question in my mind but that the * * * just like I mentioned in my letter over here, that the pre-existing condition was naturally these adhesions, a pre-existing condition to the volvulus." The doctor was asked the following question:

"Based upon your best medical opinion, would you state that if the adhesions had not been present in Mr. Jordan's abdomen, that the volvulus would not have occurred?"

He answered:

"Not of the small intestine, no sir."

It is uncontradicted the volvulus removed from appellee was the small intestine. Dr. Still also was called to testify by appellee. He agreed that adhesions are caused by disease. In answer to a question, whether in the absence of adhesions in appellee's abdominal cavity, the volvulus would have occurred, Dr. Still testified:

"I wouldn't think so * * * I have never heard of it occurring except in the sigmoid colon, and that is the big valve. You don't see a volvulus of the small intestine without prior abdominal injury from surgery."

He testified it is possible for the intestine to twist from trauma.

█ When this testimony is reviewed in the light most favorable to appellee, we are convinced that his disability was caused by a combination of external injuries and the pre-existing disease in the form of an abundance of adhesions. It cannot be said, under the testimony, that the pre-existing condition was remote in its causation or dormant or was so temporary and transit that it did not materially contribute to appellee's incapacity. Howe v. National Life Insurance Company, 321 Mass. 283, 72 N.E.2d 425, 170 A.L.R. 1254.

█ The policy under which appellee is claiming benefits requires that the injury be sustained "independently of all other causes". Under the interpretation of a similar clause in Mutual Benefit Health and Accident Ass'n. v. Hudman (supra), we are compelled to hold under this record that appellee failed to prove his incapacity was caused solely by the accidental injury sustained when lifting the farm machinery. The material evidence is clear the abdominal adhesions and the injury concurred to cause the volvulus condition. In view of this holding, we do not deem it necessary to discuss other points of error brought forward by appellant.

The judgment of the trial court is reversed and judgment is rendered that appellee take nothing.

## ON MOTION FOR REHEARING

Appellee's motion for rehearing to the extent indicated in this opinion is granted. In our original opinion, reference was made to a "dividend certificate" which also was issued by the defendant insurance company to the plaintiff below in addition to the insurance policy discussed, but the language of the certificate was not considered in determining the insurer's liability. To this extent we were in error. In response to Request for Admissions the insurance company admitted the Certificate and the policy were separate and distinct insurance policies providing accident, hospitalization and indemnity coverage; and that they were both in effect on the material dates hereto. The certificate extended "extra protection" and was issued as a "dividend" by the company to persons otherwise insured with them. An additional premium was charged for the certificate and the two policies provided different benefits. The certificate

provided for "extra income protection in hospital" and indemnity of $10.00 per day for confinement within a hospital for 365 days "in addition to any other insurance or protection". The insurance policy benefits included "loss of work" benefits of $50.00 per month; indemnity for daily expenses incurred by the insured up to a maximum daily limit of $4.00, not to exceed a total of $120.00.

■ The certificate insured "against loss caused by accidental bodily injuries which occur while this certificate is in force—which loss is not caused by disease". The certificate did not refer to the provisions of the policy, nor was the coverage provided for in the certificate "subject to" the provisions of the policy. The certificate does not contain the same restrictive limitations found in the policy discussed in the original opinion. Such restrictive limitations as "solely" or "independently of other causes" are not found in the certificate. We conclude therefore, that Mutual Benefit Health & Accident Association v. Hudman (supra) does not apply insofar as the certificate is concerned. In the absence of a limiting clause such as "solely" or "independently of other causes" the plaintiff was not placed under the same burden required by the *Hudman* case. The provisions of the certificate simply do not have such a limiting clause. Coverage under the certificate was not limited to accidental bodily injuries which must be "solely" caused by an accident. Neither does the certificate exclude coverage if a disease was a contributing or concurring cause.

The undisputed medical testimony shows the volvulus condition suffered by the assured was caused principally by extra-abdominal pressure which in turn was caused by the accidental injury. The adhesions in the abdominal area of the assured caused him to be more susceptible to the volvulus condition. The adhesions, to this extent, contributed to the volvulus condition, but the accidental injury the assured received when lifting the heavy machinery was the primary and proximate cause of the bodily injury. Under such circumstances, when viewed in the light of the provisions of the certificate, as distinguished from the language of the insurance policy, we conclude the assured is entitled to recover under the certificate only. See Home Benefit Association v. Smith (Tex. Civ.App.) 16 S.W.2d 357 (Error Ref.). Pyramid Life Insurance Company v. Alexander (Tex.Civ.App.) 337 S.W.2d 813 (Ref. N.R.E.). We think this holding is in conformity with the holding in Mutual Benefit Health & Accident Association v. Hudman, cited and followed in the original opinion. There was sufficient evidence to support the trial court's findings that Jordan was entitled to the coverage under the provisions of the certificate. We remain convinced there can be no recovery under the insurance policy.

■■ In view of this holding, we must now examine appellant's last point of error to the effect the trial court erred in awarding appellee attorneys' fees of $500.00 in the absence of evidence concerning attorneys' fees and the reasonableness of such fees. It has been held in such cases that the trial court may determine the amount and reasonableness of the attorneys' fees. Article 3.62 of the Insurance Code, V.A.T.S. American National Insurance Company v. Points (Tex.Civ.App.) 131 S. W.2d 983 (Dis. Judgment correct). American Income Life Insurance Company v. Davis (Tex.Civ.App.) 334 S.W.2d 486. The trial court's action in fixing attorneys' fees in cases controlled by the above article in question is subject to review only for an abuse of discretion. We find no abuse of discretion, but in view of our present holding the amount of attorneys' fees must be re-examined by the trial court.

The judgment awarding recovery under the dividend certificate is affirmed; that portion of the judgment awarding recovery under policy No. 475236 is reversed and rendered that plaintiff take nothing. The cause is remanded to the trial court with

instructions to determine the reasonable attorneys' fees and amount of statutory penalty, and to enter judgment in accordance with this opinion. Richardson v. Raby (Tex.Civ.App.) 376 S.W.2d 422. Herrin Transportation Company v. Robert E. Olson Company (Tex.Civ.App.) 325 S.W.2d 826.

Affirmed in part, reversed and rendered in part and remanded in part.